PER CURIAM.
The appellant was found guilty by a jury, adjudicated and sentenced for murder in the second degree. The proof of guilt was abundant and evident. On this appeal, a new trial is sought upon the ground of several comments made by the prosecutor in closing argument. Three comments are specified as objectionable. The defendant did not object at the time of trial to the first two comments. Because only a strained reading of these comments would make them prejudicial, no error has been shown in these instances. See Johnsen v. State, Fla.1976, 332 So.2d 69.
Objection was made to the third comment, which is claimed to be prejudicial as an appeal to prejudice by the State’s injecting into the case the element of community opinion. See Stewart v. State, Fla.1951, 51 So.2d 494. The comment was as follows: “Common sense tells you it is not common sense if you go out into the community and say he is not guilty when he is, and if you can say that, then you have to live with this.” We hold that under the facts of this case, the comment was not such as to deprive the appellant of a fair trial. See Spencer v. State, Fla. 1961, 133 So.2d 729, 731.
Also raised in this appeal is the contention that the State violated the appellant’s Fifth Amendment privilege against self-incrimination through comments by the prosecution on the failure of appellant to take the stand:
“I didn’t hear any testimony, whatsoever, from any of the State witnesses, including the Defendant, that Bobby Wyles, was an eye witness, that George Joiner was an eye witness.”
We find that the appellant’s position lacks merit because a written statement of the defendant concerning the circumstances surrounding the killing was read into the record and because there is no showing that the jury could reasonably have inter-peted the comments in the manner here alleged, thereby precluding the application of the rule as expressed in Otto v. State, Fla. App.1961, 126 So.2d 152; and Flaherty v. State, Fla.App.1966, 183 So.2d 607.
Affirmed.