484 So.2d 624 (1986)
George A. COLEMAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. BF-366.
District Court of Appeal of Florida, First District.
March 3, 1986.
*625 Ted A. Stokes, Milton, for appellant.
John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
George Coleman appeals a final judgment entered upon jury verdict finding him guilty of sexual battery upon a person eleven years of age or younger and sentencing him to life imprisonment without parole for twenty-five years. Appellant raises a variety of issues on appeal, none of which merit reversal.
On October 11, 1984, appellant was charged with committing a sexual battery upon M.D., a nine-year-old, between July 1, 1983, and September 30, 1983, by penetrating M.D.'s mouth with his penis, in violation of section 794.011(2), Florida Statutes (1983). On February 5, 1985, the state served appellant with a notice of proof of other criminal offenses, advising appellant that the state intended to introduce at trial proof of other occurrences of similar sexual batteries by appellant against both the victim and other children. On February 19, the jury was selected and sworn to try the case, and trial was set for February 22.
On the afternoon of February 20, appellant filed a motion in limine and a motion for statement of particulars. Appellant alleged that a statement of particulars was necessary in order to identify the specific act of sexual battery constituting the charged offense. Appellant pointed out that prior depositions of M.D. in collateral cases had revealed that between the dates charged in the information appellant had allegedly sexually battered M.D. on more than one occasion. Appellant argued that if the charged offense was not stated with particularity then any of the alleged batteries occurring between the dates charged in the information could be used by the state to justify admission of proof of other criminal offenses.
The state, on the other hand, took the position that it was not required to make any election as to a specific act because appellant had not filed his motion for statement of particulars until jeopardy had attached, i.e., the jury had been impaneled and sworn. The trial judge denied the motion on the ground that it was untimely since defense counsel had been on the case for four months and during that time had access to the deposition of the victim in which he identified several alleged sexual batteries by appellant. The court also indicated that appellant had not demonstrated prejudice and, in fact, that appellant might benefit from not having a statement of particulars because all the alleged instances of sexual abuse between the dates in the information will have jeopardy attach and he would not be able to be retried under double-jeopardy principles.
Appellant sought through the motion in limine to exclude evidence of other criminal offenses, arguing that under section 90.404(2), Florida Statutes (1983), and Williams v. State, 110 So.2d 654 (Fla. 1959), the collateral criminal offenses were inadmissible because they were irrelevant to the charged offense and not sufficiently similar in nature. Prior to the beginning of trial on February 22 the court read into the record a lengthy oral order denying the motion in limine, in which it thoroughly analyzed all cases which had been brought to its attention by the parties and ruled that evidence of other criminal offenses was admissible for one or more of the following reasons:
1. It may tend to establish the capacity of defendant to obtain an erection or demonstrate that he is not impotent, therefore supporting the credibility of his having a sexual interest to be expressed by sexual contact with other persons.
2. It may demonstrate or tend to demonstrate the capacity of defendant to obtain gratification from oral sex with young children.
3. It may tend to support motive in that defendant finds oral sex with children to be *626 gratifying, which supports an inference that he had a motive to have such a relationship with a child, as opposed to an adult.
4. It may deal with the issue and support relevant findings or inferences by the jury on the issue of absence of a mistake or accident or intent.
5. It may support inferences dealing with a common plan or method of operation or pattern of conduct.
Before counsels' opening statements at trial, the judge inquired of the jurors if any had seen an article regarding appellant's case in that day's local newspaper. The article was accompanied by a large picture of appellant and the headline read, "Former Resident: Man Faces Second Sexual Battery Trial." In the body of the article was a statement that appellant had recently been convicted of sexually battering another child. Two jurors responded that they had noticed the article, but upon inquiry they indicated they had not read it and would not be prejudiced thereby. Appellant's motion for a mistrial on this basis was denied.
The evidence at trial showed that appellant had ordered and succeeded in having M.D. perform oral sex upon him three times during the time period charged in the information, first in appellant's bedroom, second by a shed, and third in a pickup truck. Additionally, K.G. and C.S., stepdaughters of appellant, and S.C., son of appellant, testified that they had been ordered by appellant to perform and, with respect to the first two children, had actually performed oral sex upon appellant while they cohabited with him during the time period specified. The trial judge properly instructed the jury on the limited purposes for which the collateral act testimony was to be received. Appellant moved for a mistrial on grounds that the collateral act testimony had impermissibly become a "feature of the trial." Noting that the testimony was of limited duration and that the jury had been properly instructed, the court denied the motion.
At the conclusion of the state's case, appellant moved for a judgment of acquittal, alleging that an adult who arranges for a child to perform oral sex upon him does not commit the crime of sexual battery as a matter of law under the plain wording of the statute involved. The motion was denied. Appellant then countered the testimony of the victim and the three collateral fact witnesses by presenting the testimony of five female relatives that he had a reputation for truthfulness in the community. Appellant took the stand, denied the allegations, and alleged that the testimony of the state's witnesses had been orchestrated by the victim's mother, who was angry with appellant for breaking off their alleged affair.
At the close of the case, the judge denied appellant's renewed motion for judgment of acquittal. The trial resumed on February 25 with a jury charge conference, and appellant requested that the jury be instructed on the possible penalties for the capital sexual battery charge pursuant to rule 3.390(a), Florida Rules of Criminal Procedure. The judge denied this request on the ground that binding case law had held that the death penalty could not actually be imposed for sexual battery and therefore it should not be considered a "capital" offense within the meaning of rule 3.390(a), requiring jury instructions on penalties in capital cases.
Following the prosecutor's closing argument, appellant unsuccessfully renewed his motion for mistrial on grounds that the state's collateral act evidence had become a feature of the trial. The judge then instructed the jurors that they were to decide the case only upon the evidence submitted, but he did not instruct them on possible penalties for the crimes charged. When the judge inquired if the parties had any objections to the instructions as given, appellant's counsel responded, "No." The jury found appellant guilty as charged, and on March 11, 1985, appellant was sentenced to life imprisonment without parole for twenty-five years, to be served concurrently with a sentence of four and one-half years simultaneously imposed for the first *627 felony sexual battery for which appellant had been found guilty in a prior trial. Appellant's motion for a new trial on several of the grounds already mentioned was denied March 21, and this timely appeal followed.
The first error urged by appellant is that the court improperly denied the motion for statement of particulars because it was absolutely necessary for the court to know the details of the offense charged in order to determine if similarities in the collateral act offenses were sufficient to justify admission in evidence. Appellant also argues that by denying the motion and allowing the victim to testify as to incidents designated as similar fact evidence the court allowed the state to prosecute appellant on all three occurrences and the jury was left to consider whether appellant was guilty of any of the three in making the determination of guilt.
It appears from our review of the record that the only argument appellant presented to the trial court in support of the motion for statement of particulars was that it was necessary for the charged offense in the information to be specifically identified as to a particular occurrence in order for the court to properly rule upon the admissibility of similar fact evidence. We hold that all three of the alleged offenses testified to by the victim, M.D., were sufficiently similar to the collateral crimes testified to by the other witnesses that the statement of a particular crime against the victim was not necessary in order for the court to rule upon the admissibility of the collateral crime evidence.
The second issue raised by appellant is that the court erred in allowing evidence of collateral crimes because such collateral crimes were not sufficiently similar to the crime charged in order to be admissible. Appellant points out that in order to admit evidence of a collateral crime such crime must "share a uniqueness about the perpetrator of the offense or the manner in which the offenses were committed." Joseph v. State, 447 So.2d 243 (Fla.3d DCA 1983). We affirm the denial of appellant's motion in limine seeking to exclude evidence of collateral crimes. The trial court thoroughly discussed and analyzed all relevant cases and correctly applied the holdings to the facts in the instant case. We view the collateral fact evidence to be both sufficiently similar, from a factual standpoint, and relevant to the case at hand to justify admissibility. Additionally, we affirm the trial court's denial of appellant's motions for mistrial on grounds that the collateral crime evidence had become an impermissible "feature of the trial." Appellant has failed to demonstrate that the trial court abused its broad discretion.
Appellant's third point is that the court erred in failing to declare a mistrial because two members of the jury saw a newspaper article which stated that appellant had previously been convicted of sexual battery. We disagree with appellant's contention since the record reveals that the two jurors were extensively questioned by the trial court and revealed that they had not read the article and would not be prejudiced thereby. Neither the headline to the article nor the picture indicated that appellant had been previously convicted of sexual battery. Although the jurors, upon seeing the article, became aware that appellant had been previously tried for sexual battery, such knowledge did not destroy, as a matter of law, the impartiality of the jurors in question. The trial court's determination to allow the jurors to remain on the panel is entitled to great deference upon review and is affirmed.
Appellant next argues that the court erred in denying appellant's motion for judgment of acquittal because section 794.011(1)(f), Florida Statutes (1983), does not include within its literal terms the sex act that took place in this case. Appellant argues that the victim, M.D., did not have a "sexual organ" penetrated by appellant, but only had his mouth penetrated.
Section 794.011(1)(f) defines "sexual battery" as follows:
Oral, anal, or vaginal penetration by or union with the sexual organ of another *628 or the anal or vaginal penetration of another by any other object.
We hold that the statute is not intended to be read from the perspective of either the accused or the victim, but is intended to be read from the standpoint of either one performing a sexual act upon the other. Sexual battery includes "oral ... penetration by ... the sexual organ of another." In this case the evidence clearly reveals that appellant forced the victim to perform oral sex upon him; we hold that this act falls within the terms of the statute.
The final issue raised by appellant is that the trial court erred in failing to instruct the jury on the possible penalties faced by appellant on the sexual battery charge. In Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982), the Florida Supreme Court held that a death sentence for committing the crime of sexual battery is so grossly disproportionate and excessive as to be constitutionally prohibited. In Rusaw v. State, 451 So.2d 469 (Fla. 1984), the Court was faced with whether its opinion in Buford removed from trial courts the authority to sentence defendants convicted of sexual battery to life imprisonment with no possibility of parole for twenty-five years under section 775.082(1), Florida Statutes (1981), the capital felony sentencing statute. The court held that although a sexual battery could no longer be punished by the death penalty it was nevertheless to be considered a "capital" crime for purposes of the sentencing provisions of section 775.082(1), Florida Statutes.
In State v. Hogan, 451 So.2d 844 (Fla. 1984), the court considered whether the crime of sexual battery should be considered a "capital offense" for purposes of section 910.13, Florida Statutes (1981), and rule of criminal procedure 3.170, which require that in all capital cases the jury shall be constituted by twelve persons. The court held that although the crime of sexual battery remained a "capital" offense for purposes of allowing a sentence of life imprisonment without parole for twenty-five years, it did not remain a "capital" offense for purposes of the requirement that the jury be constituted by twelve persons. The requirement of a twelve-person jury was held to be applicable only in those cases where death was a possible penalty.
In Brosz v. State, 466 So.2d 256 (Fla. 5th DCA 1985), the fifth district interpreted the phrase "except capital felonies" in the context of the sentencing guidelines legislation which provided that the guidelines would be applicable to all felonies "except capital felonies" committed on or after October 1, 1983. The court determined that sexual battery under section 794.011(2) remained a capital offense and would be classified as a capital felony under the sentencing guidelines law.
Effective January 1, 1985, the Florida Supreme Court adopted rule of criminal procedure 3.390(a) to provide as follows:
The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel. Except in capital cases, the judge shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial.
We have been unable to locate any case construing the intent of rule 3.390(a); however, it seems apparent that the purpose of the rule is to require a jury instruction when the jury is faced with the choice of either recommending the death penalty or life imprisonment. When the jury is not faced with this choice and plays no role in sentencing, however, it is no longer necessary that the jury be advised of the possible penalties. Since sexual battery is not a capital offense in which the death penalty can be given, we affirm the trial court's ruling that it was not required to inform the jury of the possible sentence to be imposed upon appellant for the crime of sexual battery.
AFFIRMED.
MILLS and SHIVERS, JJ., concur.