STONE, Judge.
Defendant-appellant was convicted and sentenced on two counts of sexual battery upon a child eleven years of age or younger and one count of lewd and lascivious assault.
There are four issues on appeal:
I. Whether the trial court erred in denying defendant’s motion to suppress a confession.
II. Whether the trial court erred in instructing the jury.
III. Whether the trial court erred in refusing to instruct the jury on the possible sentence.
IV. Whether the trial court erred in imposing a sentence for a second degree felony without reference to a sentencing guidelines scoresheet.
We affirm as to issues I, II and III and reverse and remand as to issue IV.
I
Appellant, while not in custody, was read Miranda rights and given a polygraph exam. Following the test he was told he had not performed well. He immediately confessed. He argues that the officers were obligated to reread his rights to him immediately following the test and cites United States v. Gillyard, 726 F.2d 1426 (9th Cir.1984). There, the court concluded that the totality of the facts and circumstances required that the defendant be re-advised. However in that case the defendant’s liberty had been essentially restrained, and he was extensively questioned over several hours. Here, the defendant’s statements were volunteered without any questioning, he was not under arrest and had not sought advice of counsel. It is undisputed that he had been read the Miranda rights from a form which he signed after acknowledging he understood them. We conclude that the decision by the trial judge that the statement was freely and voluntarily made without coercion is supported by the totality of the evidence. See Wyrick v. Fields, 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982). See also Roberts v. State, 195 So.2d 257 (Fla. 2d DCA 1967).
II
There was evidence that the defendant’s fingers and tongue penetrated the victim’s vagina. The trial judge gave the following instructions:
Regarding Count I ... before you can find the defendant guilty ... the State must prove ... that the defendant, Bar-bree Croney, with his tongue penetrated or had union with the vagina of [the victim]....
Regarding Count II ... before you can find the defendant guilty ... the State must prove ... that the defendant with his finger penetrated the vagina of [the victim].
Section 794.011(l)(h), Florida Statutes (1985), provides:
*928 (h) The term “sexual battery” means oral, anal or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
Defendant in argument lumps these instructions together and contends that they are not in accord with the statute. He asserts that there must be penetration if the battery is committed with any object other than the perpetrator’s sexual organ and therefore the reference to “union” in the instructions is error. The record reflects that this argument should only have been made with respect to count I. In any event this issue had been resolved against defendant by Banks v. State, 342 So.2d 469 (Fla.1976). See also Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986).
We conclude that the instruction, as to both counts I and II, were in accord with the statute. Therefore as to this issue we affirm as to both counts.
III
Rule 3.390(a) of the Florida Rules of. Criminal Procedure provides, in part, that “[ejxcept in capital cases, the judge shall not instruct the jury on the sentence....”
We agree with the conclusion in Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), that:
[T]he purpose of the rule is to require a jury instruction when the jury is faced with the choice of either recommending the death penalty or life imprisonment. When the jury is not faced with this choice and plays no role in sentencing, however, it is no longer necessary that the jury be advised of the possible penalties.
Id. at 628.
We therefore affirm as to this issue.
IV
As to the last issue, the state concedes error. The court failed to consider the guidelines recommendation as to count III. As to this count we reverse.
AFFIRMED AS TO COUNTS I AND II. REVERSED AND REMANDED AS TO COUNT III. DEFENDANT SHALL BE RE-SENTENCED IN ACCORDANCE WITH THE SENTENCING GUIDELINES.
LETTS and WALDEN, JJ., concur.