LEHAN, Acting Chief Judge.
This is an appeal from defendant’s convictions and sentences for first degree murder and robbery with a weapon. We affirm the convictions and reverse and remand for resentencing the robbery with a weapon sentence.
Defendant first contends that his confession which was elicited during extensive police interrogation was involuntary and, therefore, its admission into evidence was reversible error. We do not agree. Defendant had been advised of, and had waived, his Miranda rights. The totality of the circumstances shown by the record supports the conclusion that the confession was voluntary and was not coerced by promises, threats, lies or misrepresentations. See Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969); Martin v. Wainwright, 770 F.2d 918, 927 (11th Cir.1985). The presumption of correctness of the trial court’s finding that the confession was freely and voluntarily made has not been overcome. See Williams v. State, 441 So.2d 653 (Fla. 3d DCA 1983).
Defendant next contends that his consent to a search of his room at his mother’s house, during which the victim’s car keys were found in defendant’s dresser drawer, was involuntary. Defendant argues that his consent was induced by the *1278 unfulfilled promise that the police would have defendant’s mother call defendant at the police station when the police arrived at her house to conduct the search. The trial court found that a telephone call from defendant’s mother was not a condition precedent to defendant’s consent to the search. There is support in the record for that finding, and we find nothing in the record to overcome the presumption of correctness that attaches to a trial court’s ruling on the voluntariness of a consent to search. See James v. State, 223 So.2d 52, 56 (Fla. 4th DCA 1969).
Defendant next contends that he was deprived of his right to an impartial jury because during voir dire a prospective juror, who was not included on the final jury panel, made comments concerning other pending charges against defendant. However, these comments were not explicit references to other charges against defendant. In denying defendant’s motion for mistrial, the trial court said he did not think the jury had understood what the juror was talking about. The judge said he would deny the motion at that time and “we will see what happens.” After voir dire was completed, defense counsel did not renew the motion for mistrial. We cannot say that the trial court committed reversible error in concluding that the other jurors had not understood the remarks and in denying the motion for mistrial.
Defendant next contends that the .trial court erred in denying defendant’s motion for a mistrial which was made on the ground that the prosecutor during closing argument improperly commented upon defendant’s failure to testify. The prosecutor’s comment was:
Perhaps the defendant — we know the defendant is not an attorney — perhaps he understands premeditated murder. He never yet admitted to intentionally killing Mr. Varady. He did admit to striking him and the man going down, but he didn’t realize by admitting that fact, that he was admitting by his own statement Felony Murder in the First Degree.
We disagree with defendant’s contention. In context, the statement that defendant had not yet admitted to intentionally killing the victim could reasonably be interpreted as a reference to defendant’s pretrial confession. See Covington v. State, 334 So.2d 658 (Fla. 3d DCA 1976). In any event, any alleged error was harmless and cannot reasonably be said to have affected the verdict. See Slate v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Defendant’s final contention is that the trial court erred in sentencing defendant without first considering the sentencing guidelines which were applicable to the robbery with a weapon conviction. Defendant contends that the robbery with a weapon sentence must be reversed and remanded for resentencing in compliance with the guidelines. The state agrees that the guidelines were applicable to that conviction even though not applicable to the first degree murder conviction. See Coleman v. State, 483 So.2d 539 (Fla. 2d DCA 1986). The state, citing State v. Whitfield, 487 So.2d 1045 (Fla.1986), nonetheless argues for affirmance on the basis that there was no contemporaneous objection made in the trial court in this respect and that, therefore, the point was not preserved for appeal. We agree with defendant’s contentions and disagree with the state’s arguments. In Whitfield the trial court had departed from the guidelines without providing clear and convincing, written reasons for the departure. The supreme court held that the error was properly considered on appeal even though there had been no contemporaneous objection at trial. Similarly here, there was a departure from the guidelines without such written reasons and, indeed, without even a consideration of the guidelines.
The convictions are affirmed. The sentence on the robbery with a weapon conviction is reversed, and the cause is remanded for resentencing on that conviction.
FRANK and SANDERLIN, JJ., concur.