501 So.2d 15 (1986)
George R. DAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1195.
District Court of Appeal of Florida, Second District.
December 17, 1986.
Rehearing Denied January 22, 1987.
*16 James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
George Dailey was charged with and convicted on three counts of capital sexual battery on a child under twelve years of age. § 794.011(2), Fla. Stat. (1985). He was sentenced to concurrent terms of life imprisonment with 25 years minimum mandatory on two counts and 30 years for the lesser included offense of attempted sexual battery on the remaining count. The court imposed a $1,000.00 lien for the public defender's services. We affirm the convictions and the imposition of the public defender's lien, but we remand for resentencing.
The first issue urged on appeal challenges the voluntariness of Dailey's confession. He asserts that certain parts of the detective's questioning amounted to "subtle coercion." The record reveals that Dailey was advised of, and waived, his Miranda rights. He did not request an attorney and spoke cooperatively with the detective throughout one hour of questioning. We find no threats of violence or coercion by promises. Wesley v. State, 498 So.2d 1276 (Fla. 2d DCA 1986). The statement by the detective that help was available for Dailey if he felt he needed it was properly found by the trial court not to have been in exchange for the confession. Cannady v. State, 427 So.2d 723 (Fla. 1983). We find nothing in the record warranting disturbing the trial court's conclusion that the confession was freely and voluntarily given.
Dailey also claims error in the trial court's refusal to instruct the jury on the maximum and minimum penalties for capital sexual battery on a child eleven years or younger. In Coleman v. State, 484 So.2d 624 *17 (Fla. 1st DCA 1986), the court stated that the need for a jury instruction on maximum and minimum penalties arises when the jury is faced with the choice of recommending either the death penalty or life imprisonment. The need for such an instruction in capital sexual battery cases, however, has been eliminated; that crime is no longer an offense punishable by death. Id. The trial court was correct in refusing the requested instruction.
Dailey's third issue on appeal concerns the imposition of the public defender's lien without giving him notice and a hearing as required by section 27.56(7), Florida Statutes (1985). The affidavit of insolvency signed by Dailey included a waiver of notice of any proceeding at which the value of the services of the public defender and/or costs might be imposed. He also waived notice of the filing of the lien. The waiver dispenses with the requirements of section 27.56(7), Florida Statutes (1985), and no error is found in the imposition of the public defender's lien.
The final issue raised on appeal is the claimed improper scoring of the guidelines scoresheet. We agree with Dailey's contention that it was incorrect for the trial court to include the two convictions for capital sexual battery on the scoresheet; the sentencing guidelines do not apply to capital felonies. Laster v. State, 486 So.2d 88 (Fla. 5th DCA 1986).
Convictions affirmed; remanded for resentencing.
DANAHY, C.J., and LEHAN, J., concur.