SHAW J.,
concurs specially with an opinion.
SEXUAL BATTERY — VICTIM LESS THAN TWELVE YEARS OF AGE - F.S. 794.011(2)
Before you can find the defendant guilty of sexual battery upon a person less than twelve years of age, the State must prove the following two elements beyond a reasonable doubt:
Elements 1. (Victim) was less than twelve years of age.
2. a. [(Defendant) committed an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]
b. [(Defendant) committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object.]
c. [(Defendant) injured the sexual organ of (victim) in an attempt to commit an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] would have penetrated or would have had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]
d. [(Defendant) injured the sexual organ of (victim) in an attempt to commit an act upon (victim) in which the [anus] [vagina] of (victim) would be penetrated by an object.]
The punishment provided by law for sexual battery upon a person less than twelve years of age is greater depending upon the age of the defendant. Therefore, if you find the defendant guilty of sexual battery upon a person less than twelve years of age and you further find that at the time of the sexual battery the defendant was eighteen years of age or older, you should find him or her guilty of sexual battery upon a person less than twelve years of age by a person eighteen years of age or older.
If you find that the defendant was not eighteen years of age or older but did commit the sexual battery, you should find him or her guilty only of sexual battery upon a person less than twelve years of age by a person under eighteen years of age.
Give if applicable However, any act done for bona fide medical purposes is not a sexual battery.
Definition Give if applicable “Union” is an alternative to penetration and means coming into contact.
Note to Judge In the event of multiple perpetrators, give instruction on enhancement, F.S. 794.023.
Note to Judge The option of the word “[with] (victim)” in 2a and 2c is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), at pages 627, 628.
SEXUAL BATTERY — VICTIM TWELVE YEARS OF AGE OR OLDER-GREAT FORCE — F.S. 794.011(3)
Before you can find the defendant guilty of sexual battery upon a person twelve years of age or older with the use of a deadly weapon or physical force, the State must prove the following four elements beyond a reasonable doubt:
Elements 1. (Victim) was twelve years of age or older.
*1223 2. a. [(Defendant) committed an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]
b. [(Defendant) committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object.]
3. (Defendant) in the process
a. [used or threatened to use a deadly weapon.]
b. [used actual physical force likely to cause serious personal injury.]
4. The act was done without the consent of (victim).
Definitions
Give in all cases “Consent” means intelligent, knowing and voluntary consent and does not include coerced submission.
Give if applicable Evidence of the victim’s mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing and voluntary consent.
“Mentally incapacitated” means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic or intoxicating substance administered to that person without his or her consent or due to any other act committed upon that person without his or her consent.
“Mentally defective” means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.
“Union” is an alternative to penetration and means coming into contact.
Give if 3a alleged A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.
Give if 3b alleged “Serious personal injury” means great bodily harm or pain, permanent disability, or permanent disfigurement.
Give if applicable However, any act done for bona fide medical purposes is not a sexual battery.
Note to Judge In the event of multiple perpetrators, give instruction on enhancement, F.S. 794.023.
Note to Judge The option of the word “[with] (victim)” in 2a is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), at pages 627, 628.
SEXUAL BATTERY — VICTIM TWELVE YEARS OF AGE OR OLDER— CIRCUMSTANCES SPECIFIED — F.S. 794.011(4)
Before you can find the defendant guilty of sexual battery upon a person twelve years of age or older under specified circumstances, the State must prove the following four elements beyond a reasonable doubt:
Elements 1. (Victim) was twelve years of age or older.
2. a. [(Defendant) committed an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]
b. [(Defendant) committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object.]
3. a [(Victim) was physically helpless to resist.]
b. [(Defendant) coerced (victim) to submit by threatening to use force or violence likely to cause serious personal injury and (victim) reasona *1224 bly believed that (defendant) had the present ability to execute the threat.]
c. [(Defendant) coerced (victim) to submit by threat of retaliation against (victim) or any other person and (victim) reasonably believed that (defendant) had the ability to execute the threat in the future.]
d. [(Defendant), without prior knowledge or consent of (victim), administered or had knowledge of someome else administering to (victim) a narcotic, anesthetic or other intoxicating substance that mentally or physically incapacitated (victim).]
e. [(Victim) was mentally defective and (defendant) had reason to believe this or had actual knowledge of that fact.]
4. The act was committed without the consent of (victim).
Definitions
Give in all cases “Consent” means intelligent, knowing, and voluntary consent and does not include coerced submission.
Give if applicable Evidence of the victim’s mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing and voluntary consent.
“Mentally incapacitated” means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.
“Mentally defective” means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.
“Union” is an alternative to penetration and means coming into contact.
Give if 3a alleged “Physically helpless” means that a person is unconscious, asleep or for any other reason physically unable to communicate unwillingness to act.
Give if 8b alleged “Serious personal injury” means great bodily harm or pain, permanent disability, or permanent disfigurement.
Give if applicable However, any act done for bona fide medical purposes is not a sexual battery.
Note to Judge In the event of multiple perpetrators, give instruction on enhancement, F.S. 794.023.'
Note to Judge The option of the word “[with] (victim)” in 2a is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), at pages 627, 628.
SEXUAL BATTERY — PERSON TWELVE YEARS OF AGE OR OLDER-SLIGHT FORCE - F.S. 794.011(5)
Before you can find the defendant guilty of sexual battery upon a person twelve years of age or older by the use of slight force, the State must prove the following four elements beyond a reasonable doubt:
Elements 1. (Victim) was twelve years of age or older.
2. a. [(Defendant) committed an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]
*1225 b. [(Defendant) committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object.]
3. (Defendant) in the process used physical force and violence not likely to cause serious personal injury.
4. The act was committed without the consent of (victim).
Definitions
Give in all cases “Consent” means intelligent, knowing and voluntary consent and does not include coerced submission.
“Serious personal injury” means great bodily harm or pain, permanent disability, or permanent disfigurement.
Give if applicable Evidence of the victim’s mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing and voluntary consent.
“Mentally incapacitated” means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person with his or her consent.
“Mentally defective” means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.
“Union” is an alternative to penetration and means coming into contact.
Give if applicable However, any act done for bona fide medical purposes is not a sexual battery.
Note to Judge In the event of multiple perpetrators, give instruction on enhancement, F.S. 794.023.
Note to Judge The option of the word “[with] (victim)” in 2a is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), at pages 627, 628.
SOLICITATION OF CHILD TWELVE YEARS OF AGE OR OLDER BUT UNDER EIGHTEEN YEARS OF AGE TO ENGAGE IN SEXUAL ACTIVITY BY PERSON IN FAMILIAL OR CUSTODIAL AUTHORITY - F.S. 794.041(2)(a)
Before you can find the defendant guilty of solicitation of a child to engage in sexual activity by a person in familial or custodial authority, the State must prove the following three elements beyond a reasonable doubt:
Elements 1. (Child) was twelve years of age or older but less than eighteen years of age.
2. (Defendant) stood in the position of familial or custodial authority with regard to (child);
3. (Defendant) [commanded] [encouraged] [hired] [requested] [tried to induce] (child) to engage in sexual activity in which:
a. [the sexual organ of the [(defendant)] [(victim)] would penetrate or have union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]
b. [the [anus] [vagina] of (victim) would be penetrated by an object.]
It is not necessary that such sexual activity actually take place for the crime to be completed.
It is not a defense that (child) was willing to engage in such sexual activity or consented to engage in such sexual activity.
*1226 Give if applicable However, any act done for bona fide medical purposes is not a sexual battery.
Definition Give if applicable “Union” is an alternative to penetration and means coming into contact.
SEXUAL ACTIVITY WITH CHILD TWELVE YEARS OF AGE OR OLDER BUT UNDER EIGHTEEN YEARS OF AGE BY PERSON IN FAMILIAL OR CUSTODIAL AUTHORITY F.S. 794.041(2)(b)
Before you can find the defendant guilty of sexual activity with a child by a person in familial or custodial authority, the State must prove the following three elements beyond a reasonable doubt:
Elements 1. (Child) was twelve years of age or older but less than eighteen years of age.
2. (Defendant) stood in the position of familial or custodial authority with regard to (child).
3. (Defendant) engaged in sexual activity with (child) in which:
a. [the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]
b. [the [anus] [vagina] of (victim) was penetrated by an object.]
It is not a defense that (child) was willing to engage in such sexual activity or consented to engage in such sexual activity.
Give if applicable However, any act done for bona fide medical purposes is not a sexual battery.
Definition
Give if applicable “Union” is an alternative to penetration and means coming into contact.
LEWD, LASCIVIOUS, INDECENT ASSAULT OR ACT UPON OR IN THE PRESENCE OF CHILD; SEXUAL BATTERY F.S. 800.04
Before you can find the defendant guilty of (crime charged), the State must prove the following two elements beyond a reasonable doubt:
Elements 1. (Victim) was under the age of sixteen years.
Give as applicable 2. (Defendant)
Subsection (l)[made an assault upon (victim) in a lewd, lascivious or indecent manner.] [handled or fondled (victim) in a lewd, lascivious or indecent manner.]
Subsection (2) [committed an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]
[committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object.]
Subsection (3) [knowingly committed a lewd or lascivious act in the presence of (victim).]
Definitions Give in all cases Neither the victim’s lack of chastity nor the victim’s consent is a defense to the crime charged.
Give when F.S. 800.04(1) is charged As used in regard to this offense the words “lewd,” “lascivious” and “indecent” mean the same thing. They mean a wicked, lustful, unchaste, licentious or sensual intent on the part of the person doing an act.
*1227 Give when assault is charged under F.S. 800.04(1) An “assault” is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.
Give when F.S. 800.04(3) is charged As used in regard to this offense the words “lewd” and “lascivious” mean the same thing and mean a wicked, lustful, unchaste, licentious or sensual intent on the part of the person doing an act.
Note to Judge There is no need to make reference to the words “without committing the crime of sexual battery” because this refers to forcible sexual relations. Lanier v. State, 443 So.2d 178 (Fla. 3d DGA 1983); Chapter 84-86, Laws of Florida.
CONTRABAND IN COUNTY DETENTION FACILITY (F.S. 951.22)
Before you can find the defendant guilty of the crime of (crime charged), the State must prove the following two elements beyond a reasonable doubt:
Elements 1. (Defendant)
[introduced contraband into]
[knowingly possessed contraband in]
[gave contraband to an inmate in]
[received contraband from an inmate in]
[took contraband from]
[attempted to take or send contraband from]
a county detention facility.
2. (Defendant) did not do so through regular channels as duly authorized by the Sheriff or officer in charge of the facility.
The court now instructs you that for purposes of this offense, “contraband” means:
Select definition depending upon item alleged
(any currency or coin.)
(any article of food or clothing.)
(any written or recorded communication.)
(any intoxicating beverage or beverage which causes or may cause an intoxicating effect.)
(any narcotic, hypnotic or excitative drug.)
(any drug of any kind, including nasal inhalation) (sleeping pill) (barbiturate.)
(any controlled substance, [item alleged] is a controlled substance.)
(any firearm.)
(any instrumentality that may be. or is intended to be used as a dangerous weapon.)
(any instrumentality that may be or is intended to be used as an aid in attempting to escape.)
Note to Judge: In event municipal facility involved, see statute. “County detention facility” means a county jail, a county stockade, a county prison camp and any other place used by a county or county officer to detain persons charged with or convicted of crimes, including the grounds thereof.
Definitions To “introduce” means to put inside or into. Give as applicable-Note to Judge: See p. 220 for definition of “possession.”
*1228 3.04(g) - VOLUNTARY INTOXICATION
A defense asserted in this case is voluntary intoxication by use of [alcohol] [drugs].
The use of [alcohol] [drugs] to the extent that it merely arouses passions, diminishes perceptions, releases inhibitions or clouds reason and judgment does not excuse the commission of a criminal act.
However, where a certain mental state is an essential element of a crime, and a person was so intoxicated that he was incapable of forming that mental state, the mental state would not exist and therefore the crime could not be committed.
As I have told you, [the intent to (specific intent charged)] [premeditated design to kill] [(other mental state)] is an essential element of the crime of (crime charged).
Therefore, if you find from the evidence that the defendant was so intoxicated from the voluntary use of [alcohol] [drugs] as to be incapable of forming [the intent to (specific intent charged)] [premeditated design to kill] [(other mental state)], or you have a reasonable doubt about it, you should find the defendant not guilty of (crime charged).
Give where other applicable crimes are general intent crimes Voluntary intoxication is not a defense to (lesser included crimes) (crimes charged in additional counts).
DUI MANSLAUGHTER F.S. 316.193
Before you can find the defendant guilty of DUI Manslaughter, the state must prove the following three elements beyond a reasonable doubt:
Elements 1. (Defendant) operated a vehicle.
2. (Defendant), by reason of such operation, caused the death of (victim).
3. At the time of such operation (defendant)
Give 3a and/or 3b as applicable a. [was under the influence of] [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that his normal faculties were impaired.]
b. [had a blood alcohol level of 0.10 percent or higher.]
Definitions Give as applicable F.S. 316.003(76) “Vehicle” is any device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.
“Normal faculties” means those faculties of a person, such as the ability to see, hear, walk, talk, make judgments, and, in general, to normally perform the many mental and physical acts of our daily lives.
F.S. 877.111(1) (_) is a chemical substance under Florida law.
Ch. 893, F.S. (_) is a controlled substance under Florida law.
“Alcoholic beverages” are considered to be beer, wine, whiskey, and all other alcoholic beverages of any kind and description which are made for human consumption.
Note to Judge In appropriate cases, an instruction may be given on one or more of the presumptions of impairment established by F.S. 316.1934.
*1229 ACCESSORY AFTER THE FACT F.S. 777.03
Before you can find the defendant guilty of being an accessory after the fact, the State must prove the following five elements beyond a reasonable doubt:
Elements 1. A (felony alleged) was committed by (name of person committing felony).
2. After the (felony alleged) was committed (defendant) maintained, assisted or gave any other aid to (name of person committing felony).
3. At that time (defendant) knew that (name of person committing felony) had committed the (felony alleged).
4. (Defendant) did so with the intent that (name of person committing felony) avoid or escape detection, arrest, trial or punishment.
5. (Defendant) was not related to (name of person committing felony) by blood or marriage as husband, wife, parent, grandparent, child, grandchild, brother or sister.
Note to Judge Define the felony alleged.
Proof of Intent The intent with which an act is done is an operation of the mind and, therefore, is not always capable of direct and positive proof. It may be established by circumstantial evidence like any other fact in a case.
CHARGED OFFENSES CATEGORY 1 CATEGORY 2
First degree (premeditated) murder — 782.04(1) Second degree (depraved mind) murder — 782.04(2) Manslaughter — 782.07 Second degree (felony) murder — 782.04(3) Third degree (felony) murder — 782.04(4) Attempt Vehicular homicide — 782.071 Culpable negligence— 784.045(2) Aggravated battery — 784.045 Aggravated assault — 784.021 Battery — 784.03 Assault — 784.011*
First degree (felony) murder — 782.04(1) None Attempt Second degree (depraved mind) murder — 782.04(2) Second degree (felony) murder — 782.04(3) Manslaughter — 782.07 Third degree (felony) murder — 782.04(4) Aggravated battery — 784.045 Aggravated assault — 784.021 Battery — 784.03 Assault — 784.011*
Second degree (depraved mind) murder— 782.04(2) Manslaughter — 782.07 Third degree (felony) murder — 782.04(4) Attempt Vehicular homicide — 782.071 Culpable negligence — 784.05(2) Aggravated battery — 784.045 Aggravated assault — 784.021 Battery — 784.03 Assault — 784.011 *
Second degree (felony) murder — 782.04(3) None Third degree (felony) murder — 782.04(4) Attempt
*1230 Third degree (felony) murder — 782.04(4) None Attempt Aggravated assault — 784.021 Battery — 784.03 Assault — 784.011*
Manslaughter — 782.07 None Attempt *** Aggravated assault — 784.021 Battery — 784.03 Assault — 784.011 Vehicular homicide — 782.071 Culpable negligence— 784.05(2)** Culpable negligence— 784.05(1)**
Assault — 784.011 None Attempt
Aggravated assault— 784.021(l)(a) Assault — 784.011 Attempt Improper exhibition of dangerous weapons or firearms — 790.10 Discharging firearms in public — 790.15
Aggravated assault— 784.021(l)(b) Assault — 784.011 Attempt
Battery — 784.03 None Attempt
Aggravated battery— 784.045(l)(a) Battery — 784.03 Attempt
Aggravated battery— 784.045(l)(b) Battery — 784.03 Attempt Improper exhibition of dangerous weapons or firearms — 790.10 Discharging firearms in public — 790.15
Culpable negligence— 784.05(2) Culpable negligence — 784.05(1) None
Assault of law enforcement officer— 784.07(2) None Attempt Assault-784.011****
Battery of law enforcement officer— 784.07(2) None Attempt Battery — 784.03****
Kidnapping — 787.01 False imprisonment — 787.02 Attempt Aggravated assault— 784.021(l)(b) Battery — 784.03(l)(a) Assault — 784.011 Carrying concealed firearm— 790.01(2) Improper exhibition of dangerous firearms — 790.10
Discharging firearms in public — 790.15 None Attempt
Furnishing weapons to minors under 18 years of age, etc. — 790.17 None Attempt
*1231 Selling arms to minors by dealers — 790.18 None Attempt
Felons; possession of firearms unlawful; exception; penalty— 790.23 None Attempt (may be applicable when concealed weapon is charged) Carrying concealed firearm— 790.01(2) Carrying concealed weapon— 790.01(1)
Sexual battery— 794.011(2) Battery — 784.03 Attempt Assault — 784.011 Aggravated assault— 784.021(l)(a) Aggravated battery— 784.045(l)(a)
Sexual battery— 794.011(3) Battery — 784.03 Attempt Aggravated battery— 784.045(l)(a) Aggravated assault— 784.021(l)(a) Assault — 784.011 Sexual battery— 794.011(4) Sexual battery— 794.011(5)
Sexual battery— 794.011(4) Battery — 784.03 Attempt Aggravated assault— 784.021(l)(a) Assault — 784.011 Sexual battery— 794.011(5)
Sexual battery— 794.011(5) Battery — 784.03 Attempt Assault — 784.011
Unnatural and lascivious act — 800.02 None Attempt
Exposure of sexual organs — 800.03 None Unnatural and lascivious act— 800.02
Lewd, lascivious, or indecent assault or act upon or in presence of child — 800.04 None Attempt Assault — 784.011 Battery — 784.03 Unnatural and lascivious act— 800.02
Arson — 806.01(1) Arson — 806.01(2) Criminal mischief— 806.13(l)(b)l Attempt Criminal mischief— 806.13(l)(b)2 Criminal mischief— 806.13(l)(b)3 Possession of cannabis— 893.13(l)(e) Possession or delivery of cannabis — 893.13(l)(f) Criminal mischief— 806.13(2)
*1232 Criminal mischief— 806.13(l)(b)l None Attempt
Criminal mischief— 806.18(l)(b)2 Criminal mischief— 806.13(l)(b)l Attempt
Criminal mischief— 806.13(l)(b)8 Criminal mischief— 806.13(l)(b)l Criminal mischief— 806.13(l)(b)2 Attempt
Burglary with assault or battery or while armed — 810.02(2) Burglary — 810.02(3) Attempt Burglary of dwelling or with human being inside— 810.02(3) Trespass — 810.08(2)(a) Trespass — 810.08(2)(c)
Burglary of dwelling or with human being inside — 810.02(3) Burglary — 810.02(3) Attempt Trespass — 810.08(2)(a) Trespass — 810.08(2)(b)
Burglary — 810.02(3) None Attempt Trespass — 810.08(2)(a)
Possession of burglary tools — 810.06 None None
Possession of altered property — 812.016 None Attempt
Dealing in stolen property — trafficking— 812.019(1) None None
Dealing in stolen property — managing and trafficking — 812.019(2) 812.019(1) Attempt
Robbery with a firearm or deadly weapon— 812.13(2)(a) Robbery with a weapon— 812.13(2)(b) Robbery — 812.13(2)(c) Petit theft — 812.014(2)(c) Attempt Grand theft 1st degree— 812.014(2)(a) Grand theft 2d degree— 812.014(2)(b) Battery — 784.03 Aggravated battery — 784.045 Assault — 784.011 Aggravated assault — 784.021 Extortion — 836.05 See Davis v. State, 277 So.2d 300 (Fla.2d DCA 1973)
Robbery with a weapon— 812.13(2)(b) Robbery — 812.13(2)(c) Petit theft — 812.014(2)(c) Attempt Grand theft 1st degree— 812.014(2)(a) Grand theft 2d degree— 812.014(2)(b) Battery — 784.03 Aggravated battery — 784.045 Assault — 784.011 Aggravated assault — 784.021 Extortion — 836.05 *1233 See Davis v. State, 277 So.2d 3,00 (Fla.2d DCA 1973)
Robbery — 812.13(2)(c) Petit theft — 812.014(2)(c) Attempt Grand theft 1st degree— 812.014(2)(a) Grand theft 2d degree— 812.014(2)(b) Battery — 784.03 Assault — 784.011 Aggravated assault — 784.021 Extortion — 836.05 See Davis v. State, 277 So.2d 300 (Fla.2d DCA 1973)
Child abuse— 827.04(1) Child abuse — 827.04(2) Attempt, if willfully Negligent treatment of child— 827.05
Child abuse— 827.04(2) None Attempt, if willfully Negligent treatment of child— 827.05
Forgery — 831.01 None Attempt
Uttering forged instrument — 831.02 None No attempt — King v. State, 317 So.2d 852 (Fla.lst DCA 1975)
Stopping payment; purchase of farm or grove products — 832.04 None Attempt, except when uttering is charged — 832.04 under $50
Stopping payment with intent to defraud— 832.041 None' Attempt, except when uttering is charged; 832.04 if farm or grove product 832.041 under $50 Worthless check — 832.05(2) (second degree misdemeanor)
Worthless checks— 832.05(2) None Attempt, except when uttering is charged
Bookmaking — 849.25(2) None Attempt
Bookmaking — 849.25(3) Bookmaking — 849.25(2) Attempt Bookmaking on grounds of permit-holder — 550.361
Driving under the influence — 316.193(1) None Attempt
DUI with damage to property or person— 316.193(3)(c)l. DUI — 316.193(1) None
DUI with serious bodily injury — 316.193(3)(c)2. DUI — 316.193(1) DUI — 316.193(3)(c)l.
DUI manslaughter^ 316.193(3)(c)3. Vehicular homicide — 782.071 DUI — 316.193(3)(c)2. DUI — 316.193(3)(c)l. DUI — 316.193(1)
Sale, manufacture, delivery or possession with intent to sell, Attempt, except when delivery is charged; 893.13(l)(f) if possession or None *1234 manufacture or deliver controlled substance— 893.13(l)(a) delivery of cannabis charged 893.13(l)(e) if possession is charged*****
Sale, delivery or possession of more than 10 grams of controlled substance — 893.13(l)(b) None Attempt, except when delivery is charged 893.13(l)(a) 893.13(l)(e) if possession is charged
Delivery of controlled substance to person under 18 years old— 893.13(l)(c) None 893.13(l)(a) 893.13(l)(f) if cannabis charged
Bringing controlled substance into state— 893.13(l)(d) None Attempt 893.13(l)(e) 893.13(l)(f) if cannabis charged
Possession of controlled substance — 893.13(l)(e) None Attempt; 893.13(l)(f) if cannabis charged
Offense of possession or delivery of not more than 20 grams of cannabis — 893.13(l)(f) None Attempt, except when delivery is charged
Obtaining controlled substances by fraud— 893.13(3)(a)(l) None
Possession of drug paraphernalia — 893.147(1) None Attempt
Delivery, possession with intent to deliver, or manufacture with intent to deliver drug paraphernalia — 893.147(2) None Attempt, except when delivery is charged
Delivery of drug paraphernalia to a minor — 893.147(3) None None
Trafficking in cannabis— 893.135(l)(a) None Attempt, except when delivery is charged 893.13(l)(a) if sale, manufacture or delivery is charged Bringing cannabis into state— 893.13(l)(d)
Trafficking in cocaine— 893.135(l)(b) None Attempt, except when delivery is charged 893.13(l)(a) if sale, manufacture or delivery is charged Bringing cocaine into state— 893.13(l)(d) Possession of cocaine— 893.13(l)(e)
Trafficking in illegal drugs — 893.135(l)(c) None Attempt, except when delivery is charged *1235 893.13(l)(a) if sale, manufacture or delivery is charged Bringing same illegal drug as charged into state— 893.13(l)(d) Possession of same illegal drug — 893.13(l)(e)
None Attempt, except when delivery is charged 893.13(l)(a) if sale, manufacture or delivery is charged Bringing phencyclidine into state — 893.13(l)(d) Possession of phencyclidine— 893.13(l)(e) Trafficking in phencyclidine— 893.135(l)(d)
Trafficking in None Attempt, except when delivery methaqualone— is charged 893.135(l)(e) 893.13(l)(a) if sale, manufacture or delivery is charged Bringing methaqualone into state — 893.13(l)(d) Possession of methaqualone— 893.13(l)(e)

 But see Martin v. State, 342 So.2d 501 (Fla.1977).

 But see Smith v. State, 330 So.2d 526 (Fla. 4th DCA 1976), and Murray v. State, 328 So.2d 501 (Fla.4th DCA 1976).

 See Taylor v. State, 444 So.2d 931 (Fla.1984).

 Rotenberry v. State, 468 So.2d 971 (Fla.1985).

 Provided that charged offense is a second degree felony under section 893.13(l)(a)l.