W. SHARP, Judge.
Wright appeals from his conviction of first degree murder and sentence of life imprisonment. He argues several points which we find either are without merit, or constitute at best harmless error.[1] Wright also argues he is entitled to a new trial because the trial judge refused to instruct the jury, at the guilt phase of the trial (as *322 was requested by defense counsel), on the possible penalties that could be imposed for murder. We affirm.
Wright relies upon Murray v. State, 403 So.2d 417 (Fla. 1981); Tascano v. State, 393 So.2d 540 (Fla.1980); and Florida Rule of Criminal Procedure 3.390(a). The rule provides:
The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel. Except in capital cases, the judge shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial.
The rule was amended effective January 1, 1985, after Murray and Tascano, but supreme court cases held that under the prior version of the rule,[2] a penalty instruction in capital cases was not required “because the jury in a death case clearly knows the maximum and minimum penalties.” Walsh v. State, 418 So.2d 1000, 1003 (Fla.1982).
The amended rule apparently requires the judge not to instruct on penalties in non-capital cases. See Croney v. State, 495 So.2d 926 (Fla. 4th DCA 1986), rev. denied, 506 So.2d 1040 (Fla.1987); Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986). The rationale in those cases is that unless the jury is being asked to consider imposition of the death penalty, it should not be instructed on possible penalties for the offense. Croney; Coleman.
We can find no Florida appellate decision which deals with a capital case, and the application of amended rule 3.390(a). However, the most logical interpretation of rule 3.390(a) is that the penalty instruction is only required for capital cases, and only in the penalty phase[3] of a capital trial when the jury must recommend the penalty. In the guilt phase of the trial, the jury can be assumed to know the minimum and maximum penalties. Walsh. But only at the sentencing phase, when the jury is asked to recommend the death sentence or a life sentence is a penalty consideration relevant.
AFFIRMED.
HARRIS and PETERSON, JJ., concur.
ON MOTION FOR CERTIFICATION OF QUESTION
PER CURIAM.
Appellant has filed a motion for rehearing and/or certification of question to be one of great public importance. We deny the motion for rehearing but grant appellant’s motion for certification and certify the following question to the Florida Supreme Court:
WHETHER FLORIDA RULE OF CRIMINAL PROCEDURE 3.390(a) REQUIRES THAT A TRIAL JUDGE INSTRUCT THE JURY ON THE POSSIBLE PENALTIES THAT ATTEND A CONVICTION FOR FIRST-DEGREE MURDER AT THE CONCLUSION OF THE GUILT PHASE OF THE TRIAL UPON A TIMELY REQUEST?
Rehearing DENIED; question CERTIFIED.
W. SHARP, HARRIS and PETERSON, JJ., concur.

. Sections 59.041, 924.33, Fla.Stat. (1987); State v. DiGuilio, 491 So.2d 1129 (Fla.1986).

. The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel and upon request of either the State or the defendant the judge shall include in said charge the maximum and minimum sentences which may be imposed, (including probation) for the offense for which the accused has been on trial, (emphasis added)

. Sections 921.141(1), (2) and (3), Fla.Stat. (1987). The purpose of this phase is so the jury may "determine whether the defendant should be sentenced to death or life imprisonment.” Section 921.141(1), Fla.Stat. (1987).