PER CURIAM.
We have for review Wright v. State, 585 So.2d 321 (Fla. 3d DCA 1991), in which the district court certified the following question of great public importance:
Whether Florida Rule of Criminal Procedure 3.390(a) requires that a trial judge instruct the jury on the possible penalties that attend a conviction for first-degree murder at the conclusion of the guilt phase of the trial upon a timely request?
Id. at 322. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative and approve the decision below.
Wright was tried for first-degree murder and found guilty. He received a life sentence. During the guilt phase of the trial, the judge refused to give an instruction on the possible penalties Wright faced if convicted. The Fifth District Court of Appeal affirmed, stating that “only at the sentencing phase, when the jury is asked to recommend the death sentence or a life sentence is a penalty consideration relevant.” Wright, 585 So.2d at 322.
The pertinent language of Florida Rule of Criminal Procedure 3.390(a) provides that “[ejxcept in capital cases, the judge shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial.” At issue today is the meaning of the first clause of the rule.
Prior to the amendment of rule 3.390 in 1985, we held that a penalty instruction was not required at the end of the guilt phase because “the jury in a death case clearly knows the maximum and minimum penalties.” Walsh v. State, 418 So.2d 1000, 1003 (Fla.1982). In Walsh, the Court reasoned that the penalty instruction was not required because,
[mjore than in any other criminal proceeding, the jury in a capital case knows the minimum and maximum penalties involved. At voir dire, the court or counsel inquires as to each juror’s attitude toward the death penalty and each juror’s ability to apply the law which may result in a death sentence. Additionally, in a death case, the trial and sentencing phases are bifurcated; each juror participates in the sentencing process and must affirmatively recommend whether life or death is appropriate.
Id. at 1003.
We agree with the Fifth District Court of Appeal that the most logical interpretation of the rule is that the penalty instruction is required “only in the penalty phase of a capital trial when the jury must recommend the penalty.” Wright, 585 So.2d at 322 (footnote omitted). In other words, the first clause of the rule allows for the obvious necessity of instructing the penalty-phase jury as to the possible penalties in a capital case and is not concerned with the' guilt phase. This reading is consistent with case law preceding the amendment. Accordingly, we hold that a penalty instruction is not required at the end of the guilt phase of a capital trial, even if requested.
The other issue raised by the parties lies beyond the scope of the certified question, and we will not address it. We approve the opinion under review.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.