483 So.2d 539 (1986)
James Randy COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-502.
District Court of Appeal of Florida, Second District.
February 21, 1986.
James Marion Moorman, Public Defender and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
James Randy Coleman was tried by jury on charges of first degree murder, sexual battery using force likely to cause serious personal injury, robbery with a firearm, and burglary of a dwelling during the commission of a battery, all committed on June 22, 1984. The jury found Coleman guilty as charged with regard to the murder, robbery and burglary, but as to the sexual battery charge they declared him guilty of *540 the lesser included offense of sexual battery by the use of force and violence not likely to cause serious personal injury. As for the advisory opinion of the jury, pursuant to section 921.141, Florida Statutes (1985), it was their recommendation that Coleman receive a life sentence for the capital felony of first degree murder.
The court adjudicated Coleman guilty and sentenced him to life imprisonment with a mandatory minimum of twenty-five years for the first degree murder; a consecutive term of fifteen years imprisonment for the sexual battery; a concurrent term of thirty years with three years mandatory minimum for the robbery with a firearm; and a concurrent term of thirty years imprisonment for the burglary. There is no record that the court had a sentencing guidelines scoresheet prepared for Coleman, that counsel informed the court of the presumptive sentence under the guidelines, nor that the court considered the guidelines in sentencing Coleman. It is for this reason that Coleman appeals his sentence.
Section 921.001(4)(a), Florida Statutes (1985), requires all noncapital felonies committed after October 1, 1983 be adjudicated under the sentencing guidelines. Although Coleman's crimes were committed after this effective date for guidelines sentencing, the first degree murder conviction, unlike the others, is a capital felony. Therefore, the guidelines are not applicable to this, Coleman's primary offense. Yet, the other convictions would, absent the capital felony, ordinarily receive a presumptive sentence under the guidelines for their sentencing. Evidently, because of this dilemma, the trial court disregarded the sentencing guidelines for the sentencing of the noncapital felonies, since they were concomitant offenses to the first degree murder.
It is the state's contention that inasmuch as Coleman was adjudicated guilty of a capital felony, the concomitant offenses to this homicide, sexual battery, robbery and burglary, should not require sentencing guidelines reflection, since it would act as an abstraction to the capital felony prosecution. Further, the sentencing guidelines cannot factor in the capital felony so any accumulated score and presumptive sentence would be distorted. Moreover, section 921.141, Florida Statutes (1985), requires the court to take into consideration, as well as the jury for their recommended sentence to the court, the aggravating and mitigating circumstances of the capital crime for the purpose of sentencing. Therefore, section 921.141 for capital felonies is the functional equivalent of the sentencing guidelines for noncapital crimes.
Coleman contends that the three noncapital felonies demand prosecution under the sentencing guidelines by virtue of section 921.001. We agree and reverse the trial court's imposed sentences for the noncapital crimes, and remand with instructions that the court resentence Coleman for the sexual battery, robbery and burglary convictions in accordance with the guidelines unless the court finds within its discretion that guidelines departure is appropriate.
The sentence imposed as a result of the conviction of first degree murder is affirmed.
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER and HALL, JJ., concur.