492 So.2d 744 (1986)
Burt HICKOX, Appellant,
v.
STATE of Florida, Appellee.
No. BH-494.
District Court of Appeal of Florida, First District.
July 31, 1986.
Rehearing Denied September 2, 1986.
*745 Lacy Mahon, Jr., of Mahon & Mahon, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
During appellant's trial on a charge of sexual battery of his eleven-year-old stepdaughter, involving one specific attack, a witness for the state alluded to the fact that the child victim had stated to her that appellant had sexually abused her on prior occasions. Appellant urges that the trial court should have granted his motion for mistrial, since the admission of this "other crime" evidence violated the state's pretrial stipulation that no such evidence would be used, and the state gave no notice of intent to use such evidence as required by statute, Section 90.404(2)(b)1., Florida Statutes (1985). Appellant also argues that since the offense charged under Section 794.011(2) is a "capital felony," appellant was entitled, under Rule 3.390(a), Florida Rules of Criminal Procedure, to a jury instruction on penalties for the offense. We affirm.
We agree with appellant that the challenged testimony violated the intent and purpose of the pretrial stipulation. However, we also note the absence of any contention that the infraction was intentional. The trial court determined that it was "unexpected" on the part of the state, and we conclude that the court did not abuse its discretion in denying the motion for mistrial. Viewed in the context of the overwhelming evidence of guilt, uncontradicted by any direct testimony, we are persuaded that the inadvertent comment by the witness falls into the harmless error category. Cf. Nicholson v. State, 486 So.2d 688 (Fla. 3d DCA 1986).
As for appellant's contention that his effective cross-examination of the witness was hampered, because of the risk of eliciting even further comments on appellant's past conduct, we observe that an instruction to the witness by the trial court outside the jury's presence concerning the stipulated limitation of testimony would have substantially prevented further prejudicial comments. No request was made for such instruction.
Finally, appellant's contention that the trial court erred by failing to instruct the jury on penalties for the offense has been recently rejected by this court. Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986). Finding no merit in the remaining arguments by appellant, the judgment of conviction and sentence are
AFFIRMED.
WENTWORTH and BARFIELD, JJ., concur.