526 So.2d 213 (1988)
Robert Hood DISINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1674.
District Court of Appeal of Florida, Fifth District.
June 9, 1988.
James B. Gibson, Public Defender and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Kellie A. Nielan, Asst. Atty. Gen., for appellee.
ORFINGER, Judge.
A jury found defendant guilty as charged of three counts of sexual battery on a person less than 12 years of age, by a person 18 years of age or older, in violation of section 794.011(2), Florida Statutes (1985) and one count of indecent assault on a child under 16, in violation of section 800.04(1), Florida Statutes (1985). We affirm his convictions.
As one ground for reversal, appellant contends that the court should have permitted his attorney to inform the jury of the penalty for conviction of the sexual battery charges, and that the refusal to do so was error.
Florida Rule of Criminal Procedure 3.390(a) provides:

*214 The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel. Except in capital cases, the judge shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial.
We agree with the interpretation given this rule by the First District in Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986) when it said that
... it seems apparent that the purpose of the rule is to require a jury instruction when the jury is faced with the choice of either recommending the death penalty or life imprisonment. When the jury is not faced with this choice and plays no role in sentencing, however, it is no longer necessary that the jury be advised of the possible penalties. Since sexual battery is not a capital offense in which the death penalty can be given, we affirm the trial court's ruling that it was not required to inform the jury of the possible sentence to be imposed upon appellant for the crime of sexual battery.
Id. at 628. See also Dailey v. State, 501 So.2d 15 (Fla. 2d DCA 1987); Davis v. State, 495 So.2d 928 (Fla. 4th DCA 1986); Hickox v. State, 492 So.2d 744 (Fla. 1st DCA 1986).
We do agree, however, with appellant's contentions that the trial court erred in sentencing him on the indecent assault charge without preparing a guidelines scoresheet and without requiring the State to prove the degree of certain prior out-of-state convictions which appellant disputed.
The guidelines do not apply to the sexual battery charges here because they are still classified as capital offenses, although the death penalty no longer applies. See Rusaw v. State, 451 So.2d 469 (Fla. 1984); Carter v. State, 483 So.2d 740 (Fla. 5th DCA 1986). However, the guidelines do apply to the indecent assault charge, and a scoresheet should have been used. Although the State argues that even if the sentence on the indecent assault charge is incorrect, it will not affect appellant in light of the mandatory 25 years' incarceration on the other charges, nevertheless, the defendant is entitled to have the record set straight. See Coleman v. State, 483 So.2d 539 (Fla. 2d DCA 1986). With respect to the out-of-state convictions, the State must corroborate the degree of convictions which were disputed by appellant. Robbins v. State, 482 So.2d 580 (Fla. 5th DCA 1986); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985).
The convictions are affirmed, as are the sentences on the sexual battery charges. The sentence on the indecent assault charge is vacated and the cause is remanded for resentencing on that charge.
AFFIRMED; One sentence VACATED and REMANDED.
SHARP, C.J., and COBB, J., concur.