RYDER, Acting Chief Judge.
Appellant was convicted of first degree murder and attempted robbery with a firearm. Appellant was sentenced to life imprisonment for the first degree murder and to a concurrent term of fifteen year’s imprisonment for the attempted robbery with a firearm. Appellant’s sentence for his first degree murder conviction included a twenty-five year mandatory minimum for drug trafficking under section 893.135, Florida Statutes (1985).
Appellant raises four points on appeal. We find merit in only two.
Appellant contends that the trial court erred in sentencing him to fifteen years for attempted robbery with a firearm without preparing a sentencing guidelines score-sheet. We agree. “Section 921.001(4)(a), Florida Statutes (1985), requires all noncap-ital felonies committed after October 1, 1983, be adjudicated under the sentencing guidelines.” Coleman v. State, 483 So.2d *1307 539, 540 (Fla. 2d DCA 1986). While the sentencing guidelines are not applicable to appellant’s first degree murder conviction because it is a capital felony, they are applicable to appellant’s noncapital conviction for attempted robbery with a firearm which occurred January 7, 1986. The trial court should have used a sentencing guidelines scoresheet to sentence appellant for his conviction for attempted robbery with a firearm. Thus, we must reverse appellant’s sentence on the attempted robbery with a firearm. We remand the cause to the trial court for resentencing in accordance with the sentencing guidelines.
Appellant also contends that the trial court erred in imposing a twenty-five year mandatory minimum sentence for drug trafficking when appellant was not charged with drug trafficking. Appellant’s sentence for the first degree murder conviction apparently contains a scrivener’s error. Clearly, the court intended to sentence appellant to life imprisonment for the first degree murder conviction with no eligibility for parole for twenty-five years pursuant to section 775.082(1), Florida Statutes (1985). We must remand the cause to the trial court for correction of appellant’s sentence.
Affirmed in part; reversed in part for proceedings consistent with this opinion.
DANAHY and THREADGILL, JJ., concur.