529 So.2d 1251 (1988)
Michael Livingston DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-15.
District Court of Appeal of Florida, Fifth District.
August 18, 1988.
*1252 James B. Gibson, Public Defender and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant was sentenced under one scoresheet for multiple offenses, the scoresheet indicating a presumptive guidelines range of 12-30 months. Defendant was sentenced to a three year term of incarceration for each felony conviction, each to be served concurrently. Two of the felony convictions were offenses for which defendant had been placed on probation, now revoked. Therefore, as to those offenses, the trial court could properly bump up the sentences to the three year guidelines range. Florida Rules of Criminal Procedure 3.701 d.14. Another conviction carried a three year mandatory minimum term of incarceration, so the trial court was authorized to exceed the guidelines range as to that offense. Fla.R. Crim.P. 3.701 d.9.
As to the remaining felony convictions, the sentences for those offenses should not have exceeded the guidelines range of 12-30 months without stating a reason for departure. See Cummins v. State, 519 So.2d 718 (Fla. 5th DCA 1988). The appellate public defender in the Anders[1] brief claims that there is no prejudicial error since the sentences run concurrent. Nevertheless, the defendant is entitled to have the record set straight even if there is little possibility that the total time actually spent in jail will be affected. See, e.g., Disinger v. State, 526 So.2d 213 (Fla. 5th DCA 1988). We remand the case to the trial court for resentencing as to the felonies committed subsequent to defendant being placed on probation for which there is no mandatory term of incarceration.
REMANDED with instructions.
DAUKSCH and DANIEL, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).