SHIVERS, Chief Judge.
Appellant/defendant, Burt Norman Hick-ox, appeals the trial court’s denial of his motion for post-conviction relief, filed pursuant to Fla.R.Crim.P. 3.850. We affirm.
In June of 1985, appellant Hickox was convicted by jury of capital sexual battery and sentenced to life imprisonment with no possibility of parole for 25 years. His conviction and sentence were affirmed on appeal to this court in Hickox v. State, 492 So.2d 744 (Fla. 1st DCA 1986). In January of 1987, appellant filed a motion for post-conviction relief through private counsel, Lacy Mahon, raising only one issue — that appellant had been denied the right to testify at trial in his own behalf. The motion was denied by the trial court, and the denial affirmed by this court in Hickox v. State, 520 So.2d 588 (Fla. 1st DCA 1988).
On August 8, 1988, appellant filed a second, pro se, motion for post-conviction relief, arguing that attorney Mahon was ineffective for failing to raise several issues in the first motion for post-conviction relief, including, among others, the sexual battery victim’s alleged recantation of her trial testimony one year after the trial. According to appellant, attorney Mahon was made aware of all of the allegedly omitted issues prior to filing the first motion, but nonetheless raised only the issue of appellant’s failure to testify at trial.
Following an evidentiary hearing at which six witnesses testified, the trial court denied appellant’s second motion, finding:
Careful evaluation of the testimony of each of the defendant’s witnesses reveals no credible evidence that any matters were made known to Lacy Mahon prior to Mr. Mahon’s preparation of the defendant’s first Rule 3.850 motion other than the issue of the defendant not being allowed to testify_ Mr. Mahon ... testified that he was confident that if any additional matters had been disclosed, specifically matters involving witnesses changing their testimony, that he would certainly have raised them in his Rule 3.850 motion. The court finds no basis for not accepting that assertion.
We agree with the trial court’s findings. Our own careful review of the evidence presented at the hearing reveals competent substantial evidence to support a finding that Mahon was not made aware of any issues, other than appellant’s failure to testify at trial, in time to raise them in the first motion. In addition, we note that at the time the first motion was filed, the only remedy for raising issues of newly-discovered evidence was a petition for writ of error coram nobis. Hallman v. State, 371 So.2d 482 (Fla.1979); Smith v. State, 400 So.2d 956 (Fla.1981). It was not until 1989, in Richardson v. State, 546 So.2d 1037 (Fla.1989), that the supreme court held that such claims should instead be raised in a motion for post-conviction relief pursuant to Rule 3.850. Accordingly, Mahon’s failure to raise the issue of the victim’s recantation in the 1987 motion for post-conviction relief could not have constituted ineffective assistance of counsel. We therefore affirm the trial court’s denial of appellant’s second motion for post-conviction relief.
Our affirmance shall not, however, bar the appellant from raising the issue of the victim’s alleged recantation, if he so desires, in a new Rule 3.850 motion for post-conviction relief. As in Richardson, supra, the newly-discovered evidence issue in the instant case falls within the exception to the two-year time limitation in Rule 3.850 for claims based on alleged facts which “were unknown to the movant or his attorney and could not have been ascer *778 tained by the exercise of due diligence.” Fla.R.Crim.P. 3.850.
AFFIRMED.
JOANOS and ZEHMER, JJ., concur.