PETERSON, Judge.
Dennis Dussault raises two issues on appeal:
1. Whether the trial court properly assessed legal constraint points for each offense committed while on probation; and
2. Whether the trial court erred in imposing fifteen years’ probation for his third-degree grand theft felony in circuit court case number 90-1819.
We affirm on the first issue but certify the question certified in Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990):
DO FLORIDA’S UNIFORM SENTENCING GUIDELINES REQUIRE THAT LEGAL CONSTRAINT POINTS BE ASSESSED FOR EACH OFFENSE COMMITTED WHILE UNDER LEGAL CONSTRAINT?
We reverse and remand on the second issue. Probation cannot be extended beyond the maximum period of statutorily prescribed incarceration, which, under section 812.13(2)(c), Florida Statutes, is five years for a third-degree felony. See Bono v. State, 553 So.2d 293 (Fla. 1st DCA 1989); Swift v. State, 362 So.2d 723 (Fla. 2d DCA 1978); see also Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991). Dussault is entitled to have the record corrected notwithstanding the imposition of concurrent fifteen-year probationary terms for several second-degree felonies. See Davis v. State, 529 So.2d 1251 (Fla. 5th DCA 1988).
AFFIRMED in part; REVERSED in part; REMAND for correction of sentence.
W. SHARP, and DIAMANTIS, JJ., concur.