591 So.2d 951 (1991)
Michael WATSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 90-00738, 90-00740.
District Court of Appeal of Florida, Second District.
October 25, 1991.
*952 Regina W. Cosper, Sarasota, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
Michael Watson appeals from his judgments and sentences in these consolidated cases. We affirm the appellant's convictions, but reverse and remand for resentencing under a revised scoresheet.
The appellant was charged by indictment with first-degree murder on September 30, 1988; he was also charged by information with armed burglary, attempted murder, aggravated battery, and shooting within an occupied dwelling on June 8, 1989. Following trial in December 1989, a jury found the appellant guilty of second-degree murder, aggravated assault with a firearm, aggravated battery, and shooting within an occupied dwelling. The jury deadlocked on the charge of armed burglary and the trial court declared a mistrial as to that count.
On February 2, 1990, the appellant appeared for sentencing on all counts, except the armed burglary. The state prepared a sentencing scoresheet which included one point in the "prior record" category for a disorderly conduct conviction the appellant allegedly obtained in April 1985. The appellant denied that he had ever been arrested or convicted of disorderly conduct and objected to the scoring of the misdemeanor. The court granted the state a continuance to give it an opportunity to verify the misdemeanor conviction.
On February 9, 1990, the appellant again appeared for sentencing. At this time, the state produced an illegible certified document purporting to be a judgment and sentence from Dade County. Defense counsel objected to the document because the only legible items on the document were the appellant's name and the date. The court found that the document supported the conviction and allowed the state to include the misdemeanor on the scoresheet. The additional point raised the appellant's score to the next higher recommended range of seventeen to twenty-two years, with a permitted range of twenty-two to twenty-seven years. The court adjudicated the appellant guilty on all counts and sentenced him to concurrent sentences of twenty-seven years for second-degree murder, fifteen years for aggravated battery, fifteen years for aggravated assault with a firearm with a three-year mandatory minimum, and fifteen years for shooting within an occupied dwelling.
The armed burglary was placed back on the trial docket and the appellant appeared before the court on that charge on February 19, 1990. The appellant entered a plea of nolo contendere with the understanding that he would be sentenced under a new scoresheet within the recommended guidelines range of two and one-half to three and one-half years. The state objected to the use of a new scoresheet used at the appellant's previous sentencing, which rendered a permitted range of up to twenty-seven years. The trial court agreed with *953 the state that the original scoresheet should be used. The court accepted the appellant's plea, allowed the appellant to reserve the right to appeal the issue, and sentenced the appellant to twenty years with a three-year mandatory minimum, to be served concurrently with the appellant's other sentences.
The appellant first argues that the trial court erred in permitting the scoring of the misdemeanor conviction since the state's only corroboration was an illegible document. We agree. When the defense challenges prior convictions and the accuracy of the scoresheet, the state has the burden of producing competent evidence of the disputed conviction. Delaine v. State, 486 So.2d 39 (Fla. 2d DCA 1986). Here, the document did not show the type of offense or the disposition of the case, only the appellant's name and date were legible. Thus, the document was insufficient to prove the conviction. Since the state failed to meet its burden of proof, we remand for resentencing under a corrected scoresheet which omits the misdemeanor conviction.
The appellant next correctly argues that the trial court erred in enhancing his sentence for aggravated assault to a second-degree felony under section 775.087(1)(c), Florida Statutes (1989). Section 775.087 provides for the reclassification of certain felonies when "the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm" during the commission of the felony. That section only permits the enhancement of the sentence when the use of a firearm is not an essential element of the offense charged. Webb v. State, 410 So.2d 944 (Fla. 1st DCA), review denied, 421 So.2d 68 (Fla. 1982); Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978).
It is clear that the use of a firearm is an essential element of the offense charged in this case. The information alleged that the appellant "did attempt to kill the said Randy Hinson by pointing a firearm at him and pulling the trigger," and the trial court instructed the jury on the offense of aggravated assault with a weapon. See Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984), review denied, 462 So.2d 1108 (Fla. 1985). Therefore, we reverse the appellant's fifteen-year sentence. Upon remand, the trial court must impose an appropriate sentence for a third-degree felony, which carries a maximum penalty of five years. §§ 784.021(2), 775.082(3)(d), Fla. Stat. (1989).
The appellant further argues that the trial court erred in sentencing him for the armed burglary under the scoresheet from the previous sentencing. We decline to reach this issue since, upon resentencing, the trial court must resentence the appellant for all the offenses under one scoresheet.
Reversed and remanded for proceedings consistent with this opinion.
SCHOONOVER, C.J., and LEHAN, J., concur.