PER CURIAM.
Bert N. Hickox has appealed from an order of the trial court denying as untimely his motion for post-conviction relief, filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We reverse, and remand for further proceedings on the merits of Hickox’s motion.
In 1985, Hickox was convicted of sexual battery on a child under 12, and sentenced to life in prison. His conviction was affirmed. Hickox v. State, 492 So.2d 744 (Fla. 1st DCA1986) (Hickox I). In January 1987, through private counsel (Mahon), Hickox filed a 3.850 motion alleging only that he had been denied the right to testify at trial. The trial court denied the motion, and this court affirmed. Hickox v. State, 520 So.2d 588 (Fla. 1st DCA1988) (Hickox II). Hickox filed a second 3.850 motion in August 1988, arguing that Mahon was ineffective in failing to allege, in the January 1987 motion, the 1986 recantation by the sexual battery victim. The trial court denied the motion after an evidentiary hearing, finding no credible evidence that Ma-hon knew about the recantation prior to preparing the 1987 motion.
This court affirmed in Hickox v. State, 569 So.2d 776 (Fla. 1st DCA1990) (Hickox III). In support of its ruling, the court noted that, in 1987, the only vehicle for raising newly discovered evidence was a petition for writ of eoram nobis; only in Richardson v. State, 546 So.2d 1037 (Fla.1989) was it settled that such claims should instead be raised in a motion pursuant to Rule 3.850. The court therefore concluded that Mahon’s failure to raise the recantation in 1987 could not constitute ineffective assistance of counsel. However, the court went on to state:
Our affirmance shall not ... bar the appellant from raising the issue of the victim’s alleged recantation, if he so desires, in a new Rule 3.850 motion for post-conviction relief. As in Richardson, supra, the newly-discovered evidence issue in the instant case falls within the exception to the two-year time limitation in Rule 3.850 for claims based on alleged facts which ‘were unknown to the movant or his *529 attorney and could not have been ascertained by the exercise of due diligence. ’
Hickox III at 777-778 (emphasis supplied).
The mandate in Hickox III issued on December 20, 1990. On April 5, 1991, Hickox filed the instant motion in the trial court, alleging the recantation by the victim. The state responded that the motion was untimely in that, despite knowing of the recantation since 1986, Hickox did not raise it in the 3.850 motions filed in 1987 and 1988. The trial court denied the motion as “untimely filed,” holding that “the Defendant’s claim should have been raised in Defendant’s prior motions for post-conviction relief.”
First of all, we acknowledge that the Hickox III court may have improvidently granted Hickox the right to file a 3.850 motion out of time, in that the instant allegations do not precisely fit the definition of “newly discovered evidence.” However, the language in that opinion is the “law of the case,” and it would not serve the interests of justice to disallow as untimely a motion filed in reliance thereon. Further, we find that Hickox effectively raised the recantation issue in his August 1988 motion alleging ineffective assistance of counsel, and that the better course in Hickox III would have been to reverse and direct the trial court to consider the issue.
The order denying Hickox’s motion as untimely is therefore reversed, and the case remanded for consideration of the motion on its merits.
JOANOS, C.J., and SMITH and BARFIELD, JJ., concur.