W. SHARP, Judge.
Bell appeals from sentences imposed following his conviction for armed robbery and his violations of probation for strong armed robbery and grand theft. Bell was sentenced *1141 as an habitual offender to twenty years imprisonment for all three offenses, to be served concurrently. On appeal, Bell argues that the trial court erred in imposing habitual offender sentences for his violations of probation under Snead v. State, 616 So.2d 964 (Fla.1993). The state concedes error.
We affirm Bell’s convictions. We affirm the sentence for armed robbery, but vacate the sentences for robbery and theft imposed after violations of probation. See, e.g., Crabtree v. State, 624 So.2d 743 (Fla. 5th DCA 1993) (remanded for sentence to be corrected to show that it was for a first degree felony, rather than a life felony); Bray v. State, 586 So.2d 1353 (Fla. 5th DCA 1991) (although it did not affect sentence, cause was remanded for correction of scoresheet); Dussault v. State, 578 So.2d 430 (Fla. 5th DCA), quashed on other grounds, 586 So.2d 1060 (Fla.1991) (defendant was entitled to have record corrected to rectify erroneous imposition of fifteen years probation for third degree felony, for which the maximum period of incarceration was only five years, despite the imposition of concurrent fifteen year probationary terms for other offenses). On remand, Bell must be sentenced pursuant to the guidelines on a non-habitual offender status for these two offenses.
AFFIRMED in part; REVERSED in part; REMANDED for resentencing.
PETERSON and DIAMANTIS, JJ., concur.