PER CURIAM.
The appellant, Curtis Wayne Brown, challenges an order revoking his community control and the sentences imposed upon him. We find that the trial court did not abuse its discretion in determining that the appellant willfully and substantially violated the terms of his community control in three separate eases. We, accordingly, affirm the order revoking the appellant’s community control. However, because the seoresheet used in sentencing the appellant was mathematically incorrect and prior convictions were not properly corroborated, we must remand for resentencing.
The appellant argued that some of the prior convictions listed on his seoresheet were in error because they contained adjudications of delinquency which had occurred more than three years prior to the offenses being considered. The trial court, without requiring the state to present any corroborating evidence concerning these convictions, rejected the appellant’s contention and accepted the seoresheet. The appellant filed a timely notice of appeal from the judgments and sentences imposed upon him.
The appellant contends, and the state agrees, that the court erred by accepting the seoresheet presented to it without requiring the state to establish that it was correct in all respects. When a defendant challenges prior convictions and the accuracy of the score-sheet, the state has the burden of producing competent evidence of the disputed convictions. Watson v. State, 591 So.2d 951 (Fla. 2d DCA 1991). See also Hamilton v. State, 658 So.2d 1233 (Fla. 1st DCA 1995); Moss v. State, 581 So.2d 182 (Fla. 2d DCA 1991). The state failed to meet this burden.
Additionally, we note that the seoresheet for circuit court case number 94-13884 contained a mathematical error which incorrectly added twenty points to the original score-sheet total.
Even though the same sentences might be appropriate when the appellant is resen-tenced, we must reverse and remand for resentencing pursuant to an accurate seore-sheet. Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991).
Reversed and remanded with instructions.
SCHOONOVER, A.C.J., and BLUE and FULMER, JJ., concur.