PETERSON, J.
Lenoris Drumwright appeals the denial of his Rule 3.800(a), Florida Rules of Criminal Procedure, motion to correct his sentence imposed in 1993. His convictions and sentences were:
Conviction Sentence
1. Aggravated assault with a firearm while wearing a mask; a third degree felony. § 784.021(2), Fla.Stat. (1997). Reclassified as a second degree felony because of the use of a firearm.
2. Aggravated battery with a firearm while wearing a mask, a second degree felony; § 784.045(l)(a)(2), Fla. Stat. (1997). Reclassified as a first degree felony because of the use of a firearm.
3. Aggravated assault on a law enforcement officer with a firearm while wearing a mask; a second degree felony. § 784.07(2)(e), Fla.Stat. (1997) Reclassified as a first degree felony because of the firearm.
For each of the convictions, Drumwright was sentenced as an habitual violent offender and received concurrent sentences of 15 years in incarceration with a minimum mandatory of 15 years.
We vacate the sentences in part and remand for resentencing for the following reasons:
1. Aggravated assault with a firearm while wearing a mask. It was improper for the trial court to reclassify the offense as a second degree felony because the use of a firearm was an essential element of the aggravated assault. See § 784.021(1)(a), Fla.Stat. (1997). See also Harrelson v. State, 624 So.2d 828 (Fla. 1st DCA 1993). Drumwright’s aggravated assault conviction, a third degree felony, could not incur more than ten years incarceration with a minimum mandatory term of five years as an habitual violent offender. § 775.084(4)(b)(3), Fla.Stat. (1997). We also note that the enhanced penalty statute for wearing a mask was not changed to increase the degree of the felony until *1121 1997, after Drumwright was sentenced. See § 775.0845 Fla.Stat. (1997).
2. Aggravated battery with a firearm. The same reasoning applies to this charge as discussed above. See Lareau v. State, 573 So.2d 813 (Fla.1991) (aggravated battery predicated on use of a deadly weapon is not subject to reclassification pursuant to section 775.087(1) because the use of the weapon is an essential element of the crime). The offense should have been classified as a second degree felony thereby incurring an habitual violent offender sentence of a term of incarceration not exceeding 30 years with a minimum mandatory term of 10 years. § 775.084(4)(b)(2), Fla.Stat. (1997).
3. Aggravated assault on a law enforcement officer with a firearm. This offense is a second degree felony. See § 784.07(2)(c), Fla.Stat. (1997). Use of a firearm is also an essential element of the crime and cannot be used to reclassify the degree of felony. Again the imposition of a 15 year minimum mandatory term exceeded the 10 year maximum.
Because the sentencing errors are apparent on the face of the record and no evidentiary hearing is necessary, we vacate the sentences in part or in full as indicated below and remand for resentencing:
1. The aggravated assault: the sentence is vacated; the trial court may re-sentence for a term of incarceration not exceeding ten years with a minimum mandatory term of five years.
2. The aggravated battery: the 15 year minimum mandatory provision is vacated; the trial court shall impose a 10 year minimum mandatory in its stead.
3. The aggravated assault on a law enforcement officer: the 15 year minimum mandatory provision is vacated; the trial court shall impose a 10 year minimum on remand. Except as noted above, the sentences for the aggravated battery and the aggravated assault on a law enforcement officer are affirmed.
AFFIRMED in part; VACATED in part; REMANDED.
ANTOON, C.J., and W. SHARP, J., concur.