777 So.2d 1186 (2001)
Andrew POOLE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3441.
District Court of Appeal of Florida, Fifth District.
February 16, 2001.
*1187 James B. Gibson, Public Defender, and Linda L. Gaustad, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Andrew Poole appeals the imposition of his eight year sentence and the denial of his Rule 3.800(b) Motion to Correct Illegal Sentence. Poole entered into a negotiated plea bargain in which the State recommended to the court that an eight year period of incarceration be imposed. The agreement indicated that the court had not agreed to any sentence and that the maximum penalty was thirty years incarceration.
A 1995 scoresheet was prepared that included a misdemeanor committed after the instant offense. The erroneous inclusion of the misdemeanor increased the total points shown on the scoresheet from 200 to 200.2 with a permissible range of 129.15 to 215 months incarceration. Poole was sentenced to eight years incarceration for two counts to be served concurrently.
Poole claims that because the 1995 sentencing guidelines were ruled to be unconstitutional,[1] his sentence is illegal. He is incorrect. His sentence was imposed pursuant to a negotiated plea agreement and not based upon the guidelines. See Bonilla v. State, 766 So.2d 1192 (Fla. 5th DCA 2000). Additionally, he has not shown that application of the 1995 sentencing guidelines has made any impact upon his sentence. See Parker v. State, 767 So.2d 532, 533 (Fla. 5th DCA 2000).
Nevertheless, Poole correctly insists that he is entitled to an accurate 1994 scoresheet and we remand for that purpose although it will not affect his sentence. See Disinger v. State, 526 So.2d 213, 214 (Fla. 5th DCA 1988); see also Davis v. State, 529 So.2d 1251, 1252 (Fla. 5th DCA 1988) (the defendant is entitled to have the record set straight even if there is little possibility that the total time spent in jail will be affected).
The sentence is affirmed and the matter remanded only for the purpose of completing a correct scoresheet for inclusion in Poole's records.
AFFIRMED; REMANDED.
COBB and PALMER, JJ., concur.
NOTES
[1] Heggs v. State, 759 So.2d 620 (Fla.2000).