PETERSON, J.
In this belated appeal, Terrance Lavar Biggs seeks to withdraw his plea, complains about ineffective assistance of counsel and alleges that his scoresheet was improperly calculated.
On February 1, 2000, Biggs filed a motion with the trial court to withdraw his plea. However, the scheduled hearing on *230 the motion never occurred because the State- failed to transport him from prison on the scheduled date. Notwithstanding, the hearing was not rescheduled.
We remand to the trial court for a period of 45 days for the purpose of conducting a hearing on the motion. This appeal will be held in abeyance while the trial court considers the motion and rules on it. See Fla. R.App. P. 9.020(h)(3).
Upon remand, we direct the trial court’s attention to the scoresheet which has been improperly calculated. Points were included because Biggs used a firearm in the commission of his crime. However, he was charged with aggravated battery with a firearm. The assessment for the use of a firearm was improper because his underlying offense, aggravated battery with a firearm, carries with it the essential element of carrying a firearm. See Drumwright v. State, 743 So.2d 1120, 1121 (Fla. 5th DCA 1999). Biggs’ scoresheet total should have been 96 rather than 114 and he is entitled to a corrected scoresheet. See Poole v. State, 777 So.2d 1186, 1187 (Fla. 5th DCA 2001).
REMANDED.
COBB and HARRIS, JJ., concur.