840 So.2d 1145 (2003)
Ross William RUFF, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2193.
District Court of Appeal of Florida, Fifth District.
March 28, 2003.
*1146 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Ross Ruff appeals the sentence imposed pursuant to a plea agreement, arguing that an error in the scoresheet caused a misunderstanding regarding the minimum sentence that could be imposed for the crimes he committed. For the reasons expressed herein, we remand this case to the trial court to correct the scoresheet, but affirm Ruff's sentence without prejudice to him to file an appropriate postconviction motion to address the voluntariness issue of his plea.
Specifically, Ruff contends that he accepted the State's offer of 22 months in the Department of Corrections under the mistaken belief that this sentence was close to the minimum when in fact the low range under a correctly calculated scoresheet is 12.45 months in prison. During the pendency of this appeal, but before the appeal was perfected, Ruff filed a motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that his plea was involuntary, that the scoresheet should be corrected, and that he should be resentenced. The trial court denied the motion because the plea and sentence were not based on the criminal punishment code, but rather were the result of plea negotiations that culminated in the plea agreement. Parenthetically, we note that the record clearly reflects Ruff entered his plea in exchange for a specific term of years agreed to by Ruff and the State, not a guidelines sentence.
There are several legal impediments to Ruff's request for relief in the instant proceeding that make a reversal of his sentence problematic. Initially, we observe that Ruff filed a motion to correct his sentence rather than a motion to withdraw his plea. This fact is significant because a defendant who enters a plea of guilty or nolo contendre is required to file a motion to withdraw the plea in order to preserve a claim that the plea was involuntary or that the sentence imposed was in violation of the plea agreement. See Fla. R.App. P. 9.140(b)(2)(A); Fla. R.Crim. P. 3.170(l). Even if we consider Ruff's motion as a motion to withdraw his plea, it is untimely because it was filed more than *1147 thirty days after the rendition of his sentence. See Fla. R. Crim P. 3.170(l).
Moreover, assuming that it would be appropriate to address Ruff's claim on the merits, he would not be entitled to relief. The fact that his sentence was the result of a negotiated plea agreement poses an insurmountable obstacle for Ruff because the courts generally agree that in these instances, an erroneous scoresheet has no effect on the sentence. See Poole v. State, 777 So.2d 1186 (Fla. 5th DCA 2001) (holding that because the defendant's sentence was imposed pursuant to a negotiated plea agreement and was not based on the guidelines, there was no basis for finding the preparation of the scoresheet had any impact on the sentence). In essence, scoresheet errors are considered harmless when a sentence is the result of a negotiated plea agreement.[1]See Harris v. State, 810 So.2d 1093 (Fla. 5th DCA 2002); Hill v. State, 730 So.2d 322, 323 (Fla. 1st DCA 1999) ("Any error on a scoresheet is harmless where a defendant's sentences are the result of his negotiated plea agreement.") (citations omitted).
Hence, we conclude that in the instant proceeding, Ruff is not entitled to relief. Although we affirm Ruff's sentence, we do so without prejudice to Ruff to file a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising the issue of the voluntariness of his plea and seeking to withdraw from the plea should he conclude that to do so would be in his best interests. See Williams v. State, 825 So.2d 994, 996 (Fla. 4th DCA 2002) ("Our affirmance is without prejudice to appellant filing a motion for postconviction relief pursuant to rule 3.850 to seek withdrawal of his plea based upon its involuntary character due to the incorrect scoresheet. Although in his filings with this court he has stated that he does not wish to withdraw his plea, that is his only avenue of relief."). Additionally, based on the State's concession that Ruff is entitled to have his scoresheet corrected and in accordance with our prior decision in Poole, we remand this case to the trial court to recalculate and correct the scoresheet even though doing so will not affect Ruff's sentence.
AFFIRMED and REMANDED.
THOMPSON, C.J., and MONACO, J., concur.
NOTES
[1] We note that Ruff's sentence does not exceed the statutory maximum.