PER CURIAM.
Appellant challenges his sentence on the ground that the court deviated from a plea offer by imposing a higher sentence than bargained for. However, appellant failed to preserve the issue by moving to withdraw his plea or correct a sentencing error (if any). See Ruff v. State, 840 So.2d 1145, 1146 (Fla. 5th DCA 2003) (noting defendant who pleads nolo contendere must file motion to withdraw the plea in order to preserve claim that sentence was imposed in violation of plea agreement); Garrett v. State, 788 So.2d 328, 329 (Fla. 4th DCA 2001) (holding defendant may not seek review of sentencing errors on direct appeal unless an objection was lodged at trial or a motion for postcon-viction relief was filed pursuant to Florida Rule of Criminal Procedure 3.800(b)). Appellant also complains that the court adjudicated him guilty of driving while license revoked (“DWLR”), rather than driving while license suspended (“DWLS”). He was charged with DWLR and all of the sentencing documents refer to DWLR, but his written plea agreement refers to DWLS. Again, appellant failed to preserve *1101 this issue. Furthermore, he has not shown how he was prejudiced, as the two ■violations are similar crimes with identical punishments. See § 322.34(2)(e), (5), Fla. Stat. (2001). We therefore affirm.
POLEN, C.J., WARNER and GROSS, JJ., concur.