SHARP, W., J.
Henderson appeals from the trial court’s order which revoked his probation, after accepting his plea of nolo contendere. He was sentenced to 18 months in prison, and no objection to the plea was raised prior to or at sentencing. Thereafter, Henderson filed a pro se pleading entitled “Request for Appeal,” which in its body indicated he wanted to withdraw his plea due to a misunderstanding of the charges. Without obtaining a ruling on his “Request,” he filed a timely pro se notice of appeal. An amended notice of appeal was filed by the public defender. We affirm.
Henderson claims on appeal that he is entitled to an evidentiary hearing on his motion to withdraw his plea. However, after a defendant has been sentenced, he must show a manifest injustice before he can successfully prevail in withdrawing his plea. See LeDuc v. State, 415 So.2d 721 (Fla.1982); Lynn v. State, 687 So.2d 39 (Fla. 5th DCA 1997). Henderson has not demonstrated manifest injustice in this case, even if we considered he successfully preserved this issue for appeal. See Leonard v. State, 760 So.2d 114, 116, n. 13 (Fla.2000); Gray v. State, 847 So.2d 1100 (Fla. 4th DCA 2003); Ruff v. State, 840 So.2d 1145 (Fla. 5th DCA 2003).
Our affirmance, however, is without prejudice to Henderson to file a motion pursuant to Florida Rule of Criminal Procedure 3.850 for post-conviction relief seeking to withdraw his plea, should he be *494 able to allege and demonstrate appropriate grounds for this relief. See Ruff; Lynn.
AFFIRMED.
GRIFFIN and MONACO, JJ„ concur.