873 So.2d 1259 (2004)
Thomas BLAKE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1788.
District Court of Appeal of Florida, First District.
May 28, 2004.
*1260 Nancy A. Daniels, Public Defender and Terry Carley, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant seeks review of his convictions and sentences for leaving the scene of an accident involving personal injury, a felony, and driving with a suspended or revoked license, a misdemeanor. We affirm the convictions and sentences, but reverse the order of restitution. We remand for the trial court to vacate the order of restitution, and instruct the trial court to award jail credit and to correct one typographical error in the sentencing documents.
Appellant pled nolo to the misdemeanor and was found guilty of the felony at trial; the trial court sentenced Appellant to incarceration and ordered restitution on the misdemeanor. The judgment erroneously indicates that Appellant pled to both offenses and incorrectly designates the misdemeanor as driving under the influence of alcohol. Appellant appealed, and also filed a motion to correct sentencing error, as authorized by Florida Rule of Criminal Procedure 3.800(b)(2), alleging that he was entitled to jail credit and that the sentencing documents incorrectly designate his misdemeanor offense.
Appellant argues that his felony conviction should be reversed because the state amended the information after the close of evidence. Because the amendment added no new allegations to the information, Appellant was not prejudiced and is not entitled to relief. See State v. Erickson, 852 So.2d 289, 291 (Fla. 5th DCA 2003), citing State v. Anderson, 537 So.2d 1373, 1375 (Fla.1989).
*1261 Appellant also argues that no restitution should have been awarded on his misdemeanor. We agree because the state did not sufficiently demonstrate a connection between Appellant's driving without a license and the accident that caused the damages. See Schuette v. State, 822 So.2d 1275 (Fla.2002).
The state correctly concedes that Appellant is entitled to remand for a determination of jail credit, and that Appellant is entitled to correction of the judgment to reflect Appellant's correct misdemeanor offense. These claims clearly have merit, as the record shows that Appellant pled to driving with a suspended or revoked license and that an order on jail credit would be issued by the trial court.
We deny Appellant's request to correct the sentencing documents that incorrectly state he pled to both the misdemeanor and felony charges, because the error does not affect the sentence, it is not fundamental, and Appellant is not entitled to relief. See generally Thomas v. State, 763 So.2d 316 (Fla.2000).
Accordingly, we affirm Appellant's convictions, reverse the restitution order, and remand with instructions for entry of an order pertaining to jail credit and correcting Appellant's misdemeanor designation to that of driving with a suspended or revoked license.
KAHN and WEBSTER, JJ., concur.