966 So.2d 996 (2007)
Wilson J. LOPEZ-VASQUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3769.
District Court of Appeal of Florida, Fifth District.
October 5, 2007.
*997 James S. Purdy, Public Defender and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Wilson J. Lopez-Vasquez, Crawfordville, pro se.
Bill McCollum, Attorney General, Tallahassee and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
In this appeal conducted pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm, but remand for entry of an amended judgment or order. In a previous appeal, this court, finding a double jeopardy violation, remanded for the trial court to vacate "one of the shooting convictions." Lopez-Vazquez v. State, 931 So.2d 231, 236 (Fla. 5th DCA 2006). On remand, the trial court vacated the conviction and sentence for shooting from a vehicle in count III. However, the court did not enter an amended judgment or an order reflecting that count III had been vacated, but only memorialized its ruling by making a handwritten notation on the scoresheet.
We agree with the public defender that appellant is entitled to an amended judgment or order reflecting that he has been adjudicated guilty of two rather than three felonies in the instant case. See Blake v. State, 873 So.2d 1259, 1261 (Fla. 1st DCA 2004) ("Appellant is entitled to correction of the judgment to reflect Appellant's correct misdemeanor offense."); Poole v. State, 777 So.2d 1186, 1187 (Fla. 5th DCA 2001) (defendant "correctly insists that he is entitled to an accurate 1994 scoresheet"); Davis v. State, 529 So.2d 1251, 1252 (Fla. 5th DCA 1988) (defendant "entitled to have the record set straight even if there is little possibility that the total time actually spent in jail will be affected").
We further find that appellant's sentence for count I, which was corrected pursuant to a Rule 3.800(b)(2) motion, is now consistent with our opinion in Yasin v. State, 896 So.2d 875 (Fla. 5th DCA 2005).
Accordingly, we affirm but remand for entry of an amended judgment or order reflecting that count III has been vacated.
SAWAYA, ORFINGER and EVANDER, JJ., concur.