IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


DONNA MARIE FONSECA,

      Appellant,

 v.                              Case No.     5D21-2479
                                    LT Case No. 2021-CF-000988-A

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 16, 2022

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Matthew J. Metz, Public Defender,
and Kathryn Rollison Radtke,
Assistant Public Defender, Daytona
Beach, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Bonnie Jean Parrish,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

In this Anders appeal, we affirm Fonseca's judgment and sentence. Fonseca had filed a timely motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) to correct a sentence, which imposed a sentence of three years in prison for two counts in 2021-CF-988-A. That was in fact the sentence orally announced by the court following acceptance of the plea. However, count 2 of that information was a misdemeanor punishable by only up to one year in the county jail.

A hearing was held on Fonseca's motion, and the trial court orally granted that motion.[1] However, it appears that no amended judgment and sentence was entered. Therefore, as requested by Fonseca in her second motion to correct sentencing error, we remand for the trial court to enter a formal amended written judgment and sentence nunc pro tunc to September 20, 2021, to resolve the conflict in the two written judgments. See Lopez-Vasquez v. State, 966 So. 2d 996, 997 (Fla. 5th DCA 2007) (affirming conviction and sentence in Anders appeal but remanding for entry of an

---

[1] One judgment and sentence seems to reflect the court's attempt to sentence Fonseca to three years in the Department of Corrections on what by process of elimination would be count 1, with time served on count 2. A second judgment and sentence, entered the same day, reflects only a sentence on the felony Possession of Methamphetamine count. It appears that at the hearing on the motion to correct sentence the State, defense, and court recognized an error in the paperwork and attempted to correct same.

amended judgment).  On remand, the trial court is also directed to correct Fonseca's scoresheet if necessary.

AFFIRMED and REMANDED with Instructions.

COHEN,  WALLIS and NARDELLA, JJ., concur.