# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0701
LT Case Nos. 2023-302297-CFDB
2023-304461-CFDB

_____

LORENZO LEE FEASTER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Karen A. Foxman, Judge.

Matthew J. Metz, Public Defender, and Jacqueline Brandt,
Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Alyssa M.
Williams, Assistant Attorney General, Daytona Beach, for
Appellee.

February 27, 2026

HARRIS, J.

Lorenzo Lee Feaster appeals the judgments and sentences
entered against him after a negotiated plea, arguing that he is
entitled to a corrected score sheet and that the trial court erred in

failing to enter a written order revoking his probation. Because Feaster's sentence was the result of a negotiated plea and the scoresheet had no effect on his sentence, we affirm his sentence. We remand only for the purpose of completing a correct scoresheet if the trial court determines that the scoresheet is in error. Moreover, because the trial court has since entered an order revoking probation, Feaster's second issue on appeal is moot.

In 2023, Feaster entered a global plea to several counts in two pending felony cases in exchange for 36 months' probation with inpatient treatment. On January 22, 2024, a violation of probation was filed in one of Feaster's cases, alleging, *inter alia*, that Feaster failed to complete an inpatient residential treatment program and changed his residence without first procuring the consent of the probation officer. Three days later, an affidavit was filed in Feaster's other case alleging the same violations as in the previous affidavit but adding two new law violations.

On March 6, 2024, Feaster admitted to the violations in exchange for five years in the Department of Corrections in both cases. Defense counsel made no objection to the scoresheet and the court accepted Feaster's plea and sentenced him to five years' prison on the new law violations and five years' prison for violating probation, the sentences to run concurrently.

Feaster appealed his judgment and sentences, and his appointed counsel filed an *Anders*[1] brief. Feaster subsequently filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).

On January 14, 2025, the trial court entered an Amended Order Denying Defendant's Motion to Correct Sentencing Error, finding that because Feaster entered a negotiated plea, the scoresheet, even if incorrect, had no effect on his ultimate sentence. The court relied on two prior opinions from this Court, *Ruff v. State*, 840 So. 2d 1145 (Fla. 5th DCA 2003), and *Poole v. State*, 777 So. 2d 1186 (Fla. 5th DCA 2001).

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

When this appeal proceeded, Feaster's appointed appellate counsel filed his initial brief, arguing that pursuant to *Ruff*, this Court should remand for entry of a corrected and/or verified scoresheet. In *Ruff*, the defendant appealed the sentence imposed pursuant to a plea agreement, arguing that an error in the scoresheet caused a misunderstanding regarding the minimum sentence that could be imposed for the crimes he committed. 840 So. 2d at 1146. This Court held that the defendant was not entitled to relief because his sentence was the result of a negotiated plea and the erroneous scoresheet had no effect on the sentence. We affirmed the defendant's sentence without prejudice to the defendant to file a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising the issue of the voluntariness of his plea and seeking to withdraw from the plea should he conclude that to do so would be in his best interest. In accordance with our earlier decision in *Poole*, we remanded the case to the trial court to recalculate and correct the scoresheet even though doing so would not affect the defendant's sentence. *Poole*, 777 So. 2d at 1187 (holding defendant "correctly insists that he is entitled to an accurate 1994 scoresheet"); *see also Blake v. State*, 873 So. 2d 1259, 1261 (Fla. 1st DCA 2004) ("Appellant is entitled to correction of the judgment to reflect Appellant's correct misdemeanor offense."); *Taylor v. State*, 832 So. 2d 831 (Fla. 4th DCA 2002) (holding that although inclusion of crime on scoresheet for which defendant was acquitted had no effect on his guidelines sentence, defendant was entitled to have his scoresheet corrected); *Davis v. State*, 529 So. 2d 1251, 1252 (Fla. 5th DCA 1988) (holding defendant was "entitled to have the record set straight even if there is little possibility that the total time actually spent in jail will be affected").

Accordingly, we affirm Feaster's sentence without prejudice to him seeking relief pursuant to rule 3.850. We further remand this matter only for the purpose of completing a correct scoresheet, if in error noting that the burden of corroborating a disputed scoresheet by competent and substantial evidence lies with the State. *See Brown v. State*, 695 So. 2d 1295 (Fla. 2d DCA 1997) (citing *Watson v. State*, 591 So. 2d 951 (Fla. 2d DCA 1991)).

AFFIRMED; REMANDED with instructions.

BOATWRIGHT, J., concurs.
EISNAUGLE, J., concurs specially with opinion.

_____

*__Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.__*

_____

EISNAUGLE, J., concurring specially.

I agree that we must remand for the trial court to consider the merits of Appellant's argument that his scoresheet is erroneous. Although the trial court correctly concluded that any error would be harmless in this case, Appellant is likewise correct that our decisions in *Poole v. State*, 777 So. 2d 1186 (Fla. 5th DCA 2001), and *Ruff v. State*, 840 So. 2d 1145 (Fla. 5th DCA 2003), nevertheless require the trial court to consider Appellant's challenge to the scoresheet on the merits.

In my view, *Poole* and *Ruff* were wrongly decided. Were I not bound by those decisions, I would affirm without instructing the trial court to consider a correction to Appellant's scoresheet.

5